# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIOBHAN MORROW and ASHLEY GENNOCK, on behalf of themselves and all others similarly situated, | Civil Action No. 16-cv-3340(JPO)(SN) |
| Plaintiffs, | |
| v. | |
| ANN INC., a Delaware corporation, | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................1

II.  STATEMENT OF FACTS ..........................................................................................2

    A.   Factual Background ..........................................................................................2

    B.   Procedural History ............................................................................................2

    C.   Class Counsel's Investigation .........................................................................3

    D.   Summary of the Settlement ..............................................................................3

        1.   The Settlement Class ............................................................................4

        2.   Benefits to Settlement Class Members ................................................4

        3.   Notice to Settlement Class and Claims Process ..................................4

            a.   Notice Plan ...............................................................................4

            b.   Settlement Administration .........................................................5

            c.   Claims Process .........................................................................5

            d.   Distribution Plan ......................................................................6

        4.   Class Representative Compensation .....................................................7

        5.   Attorneys' Fees and Expenses .............................................................7

        6.   Release .................................................................................................8

III. ARGUMENT ...............................................................................................................8

    A.   Legal Standard ..................................................................................................8

    B.   The Settlement Meets the Preliminary Approval Standard ..............................9

        1.   The Settlement Is Procedurally Fair as the Product of Good Faith, Informed, Arm's-Length Negotiations .................................................9

        2.   The Settlement Is Substantively Fair, Reasonable, and Adequate ......9

            a.   Complexity, Expense, and Likely Duration of the Litigation ..............10

            b.   The Reaction of the Class to the Settlement ..........................11

|  |  | c. | The Stage of the Proceedings and Amount of Discovery .....................11 |
|  |  | d. | The Risks of Establishing Liability and Damages ...............................12 |
|  |  | e. | The Risks of Maintaining the Class Action Through Trial .................13 |
|  |  | f. | The Ability of Defendant to Withstand a Greater Judgment................13 |
|  |  | g. | The Range of Reasonableness of the Settlement Fund in Light of the Best Possible Recovery and the Attendant Risks of Litigation ...........................................................................14 |
|  | C. | | Certification of the Settlement Class Is Appropriate...................................15 |
|  |  | 1. | Numerosity............................................................................................16 |
|  |  | 2. | Commonality..........................................................................................16 |
|  |  | 3. | Typicality ..............................................................................................17 |
|  |  | 4. | Adequacy ..............................................................................................17 |
|  |  | 5. | Predominance.........................................................................................18 |
|  |  | 6. | Superiority.............................................................................................19 |
|  | D. | | Appointment of Class Counsel....................................................................19 |
|  | E. | | Adequacy of the Proposed Notice Plan ......................................................20 |
|  | F. | | The Plan of Allocation ...............................................................................21 |
|  | G. | | The Court Should Schedule a Final Approval Hearing...............................22 |
| IV. | | | CONCLUSION............................................................................................ 22 |

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)..................................................................................................18, 19

*In re Austrian & German Bank Holocaust Litig.*,
   80 F. Supp. 2d 164 (S.D.N.Y. 2000)...................................................................................11

*Ballinger v. Advance Magazine Publishers, Inc.*,
   No. 13 Civ. 4036, 2014 WL 7495092 (S.D.N.Y. Dec. 29, 2014)....................................11, 14

*Brown v. Kelly*,
   609 F.3d 467 (2d Cir. 2010).............................................................................................19

*City of Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974),
   *abrogated by Goldberger & Integrated Res., Inc.*,
   209 F.3d 43 (2d Cir. 2000)......................................................................................9, 10, 12

*In re Currency Conversion Fee Antitrust Litig.*,
   263 F.R.D. 110 (S.D.N.Y. 2009) ........................................................................................9

*In re Currency Conversion Fee Antitrust Litig.*,
   No. 01 MDL 1409, 2006 WL 3247396 (S.D.N.Y. Nov. 8, 2006) ...........................................8

*D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001)...............................................................................................13

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006).............................................................................................15

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992).............................................................................................17

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   574 F.3d 29 (2d Cir. 2009)...............................................................................................17

*Gattinella v. Michael Kors (USA), Inc.*,
   No. 14cv5731, 2016 WL 690877 (S.D.N.Y. Feb. 9, 2016) ...................................................14

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
   239 F.R.D. 363 (S.D.N.Y. 2007) ......................................................................................19

*Indergit v. Rite Aid Corp.*,
   293 F.R.D. 632 (S.D.N.Y. 2013) ......................................................................................17

*In re Initial Pub. Offerings Sec. Litig.*,
    471 F.3d 24 (2d Cir. 2006) ................................................................................. 15

*Jackson v. Bloomberg, L.P.*,
    298 F.R.D. 152 (S.D.N.Y. 2014) ....................................................................... 16

*Jermyn v. Best Buy Stores, L.P.*,
    No. 08 CIV. 214, 2012 WL 2505644 (S.D.N.Y. June 27, 2012) ........................ 13

*Katz v. ABP Corp.*,
    No. 12-cv-04173, 2014 WL 4966052 (E.D.N.Y. Oct. 3, 2014) ......................... 21

*Lizondro-Garcia v. Kefi LLC*,
    300 F.R.D. 169 (S.D.N.Y. 2014) ....................................................................... 15

*Maley v. Del Glob. Techs. Corp.*,
    186 F. Supp. 2d 358 (S.D.N.Y. 2002) ................................................................ 21

*Marisol A. v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997) ............................................................................... 16

*McBean v. City of N.Y.*,
    228 F.R.D. 487 (S.D.N.Y. 2005) .................................................................. 9, 18

*Mehigan v. Ascena Retail Grp., Inc.*,
    No. 2:15-cv-00724-MAK (E.D. Pa.) .................................................................. 22

*In re Michael Milken & Assocs. Sec. Litig.*,
    150 F.R.D. 57 (S.D.N.Y. 1993) ......................................................................... 14

*Moore v. PaineWebber, Inc.*,
    306 F.3d 1247 (2d Cir. 2002) ............................................................................. 18

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010) ............................................................................... 15

*In re NASDAQ Market-Makers Antitrust Litig.*,
    169 F.R.D. 493 (S.D.N.Y. 1996) .................................................................. 15, 22

*Park v. The Thomson Corp.*,
    No. 05 Civ. 2391, 2008 WL 4684232 (S.D.N.Y. Oct. 22, 2008) ...................... 12

*In re Platinum & Palladium Commodities Litig.*,
    No. 10cv3617, 2014 WL 3500655 (S.D.N.Y. July 15, 2014) ............................ 17

*Plummer v. Chem. Bank*,
    668 F.2d 654 (2d Cir. 1982) ............................................................................... 11

*Robidoux v. Celani,*
    987 F.2d 931 (2d Cir. 1993)................................................................17

*Rougvie v. Ascena Retail Grp, Inc.,*
    No. 15-724, 2016 WL 4111320 (E.D. Pa. July 29, 2016) ......................14

*Russell v. Kohl's Dep't Stores, Inc.,*
    No. 5:15-cv-01143 (C.D. Cal.) ..............................................................14

*Shapiro v. JPMorgan Chase & Co.,*
    No. 11 Civ. 8831, 2014 WL 1224666 (S.D.N.Y. Mar. 24, 2014) ..........13

*In re Sinus Buster Prods. Consumer Litig.,*
    No. 12-CV-2429, 2014 WL 5819921 (E.D.N.Y. Nov. 10, 2014) ..........10

*In re U.S. Foodserv. Inc. Pricing Litig.,*
    729 F.3d 108 (2d Cir. 2013)...................................................................19

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011)..........................................................................15, 16

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,*
    396 F.3d 96 (2d Cir. 2005).......................................................................8

*In re Warner Chilcott Ltd. Secs. Litig.,*
    No. 06 Civ. 11515, 2008 WL 5110904 (S.D.N.Y. Nov. 20, 2008) ..........10, 11, 20

## STATUTES, RULES & REGULATIONS

FEDERAL RULES OF CIVIL PROCEDURE
    Rule 23(a)..............................................................................................15
    Rule 23(a)(1)..........................................................................................16
    Rule 23(a)(2)..........................................................................................16
    Rule 23(a)(3)..........................................................................................17
    Rule 23(a)(4)..........................................................................................17
    Rule 23(c)(1)(B)....................................................................................19
    Rule 23(b)(3)......................................................................4, 15, 18, 19
    Rule 23(c)(2)(B)....................................................................................20
    Rule 23(e)..........................................................................................8, 22
    Rule 23(e)(1)(B)....................................................................................20
    Rule 23(g)..............................................................................................19
    Rule 23(g)(1)(A)....................................................................................20

## OTHER AUTHORITIES

NEWBERG ON CLASS ACTIONS §13:44 (5th ed.) ...........................................8

Plaintiffs Siobhan Morrow and Ashley Gennock ("Plaintiffs"), respectfully submit this Memorandum of Law in support of their unopposed motion for an order to: (1) preliminarily approve the proposed Settlement Agreement ("Settlement" or "Agreement") (Exhibit 1), including the proposed Notice Plan (Exhibit C), Class Notice (Exhibits B & D), and Claim Form (Exhibit A); (2) certify the proposed Settlement Class; (3) appoint Plaintiffs as Class Representatives; (4) appoint Scott+Scott, Attorneys at Law, LLP and Carlson Lynch Sweet Kilpela & Carpenter, LLC as Class Counsel; (5) stay this Action pending Final Approval; and (6) schedule a Final Approval Hearing.

## I.    INTRODUCTION

The proposed Settlement will resolve all claims against ANN Inc. and those of its affiliates and subsidiaries that own, operate, control, and/or lease Ann Taylor Factory or LOFT Outlet stores, including, but not limited to, AnnTaylor Retail, Inc. and AnnTaylor, Inc. ("ANN"), and provides for ANN to establish a Settlement Fund valued at $6,100,000 and significant changes in pricing practices.  It is an excellent result for members of the Settlement Class.[1]  The Settlement provides substantial relief for the Settlement Class, and the terms of the Settlement are well within the range of reasonableness and consistent with applicable case law.  Therefore, the Settlement provides an immediate and significant recovery for the proposed Settlement Class in the face of substantial challenges to any recovery after continued litigation, trial, and appeals. Furthermore, the Settlement was negotiated by lawyers experienced in complex litigation through exhaustive arm's-length negotiations.  Accordingly, Plaintiffs respectfully move for preliminary approval and submit this Memorandum of Law in support of the proposed Settlement.

---

[1]     All capitalized terms used herein have the same meanings as those used in the Settlement Agreement.

II.    **STATEMENT OF FACTS**

A.    **Factual Background**

Plaintiffs sued on behalf of themselves and all others similarly situated seeking monetary damages, restitution, and declaratory relief based on ANN's alleged deceptive and misleading labeling and marketing of Merchandise sold at its Ann Taylor Factory and LOFT Outlet stores (the "Outlet Stores").  Specifically, Plaintiffs allege that ANN's sales tags at its Outlet Stores misrepresent that its Outlet Store products were originally or regularly sold at much higher prices, and that Outlet Store products were once sold at Ann Taylor and LOFT retail stores (the "Retail Stores").  Such alleged conduct deceives customers into believing they are purchasing products that were formerly sold or offered at a higher price at the Retail Stores and are now significantly cheaper at the Outlet Stores.  Plaintiffs allege that the represented regular or original prices were not the prevailing retail prices within three months immediately preceding the publication of the advertised former prices, as required by California law.  Plaintiffs further allege that ANN's practices violate California's False Advertising Law, Unfair Competition Law, and Consumers Legal Remedies Act; Pennsylvania's Unfair Trade Practices & Consumer Protection Law; the consumer protection laws of several states; and that ANN was unjustly enriched by its actions.

B.    **Procedural History**

On May 5, 2016, Plaintiffs filed a complaint seeking monetary damages, restitution, and declaratory relief from ANN and Ascena Retail Group.  (ECF No. 1.)  On June 24, 2016, ANN filed a motion to dismiss the complaint.  (ECF No. 18.)  On July 15, 2016, Plaintiffs filed their first amended complaint ("FAC").  (ECF No. 23.)  On July 19, 2016, Plaintiffs voluntarily dismissed all claims against Ascena Retail Group.  (ECF No. 26.)  On August 15, 2016, ANN moved to dismiss the FAC for lack of subject matter jurisdiction and for failure to state a claim.

2

(ECF No. 29.)   On January 24, 2017, the Court denied ANN's motion to dismiss the FAC. (ECF No. 34.)   On February 14, 2017, ANN filed its answer to the FAC.   (ECF No. 36.)

Beginning in early 2017, the Parties entered into settlement discussions with the assistance and under the supervision of Magistrate Judge Netburn.   On May 26, 2017, the Parties reported to the Court that they had agreed in principle to a settlement of the action on a classwide basis.   A term sheet was signed on October 12, 2017 and on December 12, 2017, the Parties fully executed the Agreement.

**C.     Class Counsel's Investigation**

Prior to commencing the action, Class Counsel spent many hours investigating the claims of potential plaintiffs against ANN.   (Joint Decl. ¶¶ 11-12.)   Class Counsel conducted a factual and legal investigation that included gathering information about ANN's pricing practices of its Merchandise in its Outlet Stores and the impact the pricing policies had upon Plaintiffs and other consumers.   (*Id.* ¶ 11.)   Plaintiffs obtained certain information relating to ANN's pricing practices in various locations to confirm that the pricing practices at issue were systematic and applied to all of the Merchandise sold in the Outlet Stores.   (*Id.*)   Plaintiffs further retained consultants to develop and support the damage claims alleged by Plaintiffs.   (*Id.* ¶ 12.)   This information was essential to Class Counsel's ability to understand the nature of the conduct, language on the price tags at issue, and potential relief and remedies.   (*Id.* ¶ 11.)   Class Counsel also expended significant resources researching and developing the legal claims at issue.   (*Id.* ¶ 12.)

**D.     Summary of the Settlement**

The terms of the Settlement are detailed in the Agreement.   Following is a summary of the material terms of the Settlement.

### 1.    The Settlement Class

The Settlement Class is an opt-out class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure.  The Settlement Class is defined as:

> all persons identified in ANN's business records as of July 25, 2017, who, during
> the Class Period, purchased one or more items from ANN's Ann Taylor Factory
> or LOFT Outlet stores offered at a discount from a regular or original price.
> Excluded from the Settlement Class and Settlement Class Members are: (a) the
> directors, officers, employees, and attorneys of ANN, its parents and subsidiaries,
> and any other entity in which ANN has a controlling interest; (b) governmental
> entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any
> person that timely and properly excludes himself or herself from the Settlement
> Class in accordance with the procedures approved by the Court.

(Agreement § 2.28.)  The Class Period runs from May 5, 2012 to May 4, 2016.  (*Id.* § 2.11.)

### 2.    Benefits to Settlement Class Members

The Settlement consists of a fund with a total value of $6.1 million, including: Vouchers

valued at $5.1 million (425,000 Vouchers at $12.00 per Voucher) to be used to pay eligible

Claimants who elect to receive Vouchers for ANN's Merchandise; $500,000 in cash to pay

eligible Claimants who elect to receive a cash award; and $500,000 in cash to pay for the costs of

notice and administration of the Settlement Fund.  (*Id.* § 4.1(a).)

Additionally, within 60 days of the Effective Date, ANN will make certain changes to the

pricing and labeling of its Merchandise.  Specifically, ANN agrees to comply with applicable

state and federal merchandise pricing laws and take steps to label its Merchandise as being for

"Ann Taylor Factory" or "LOFT Outlet."  (*Id.* § 4.6.)

### 3.    Notice to Settlement Class and Claims Process

#### a.    Notice Plan

The Parties have jointly selected Kurtzman Carson Consultants LLC ("KCC") to

implement the Notice Plan and serve as Settlement Administrator for the Settlement.  The Notice

Plan in this Settlement is designed to provide the best notice practicable.  (Joint Decl. ¶¶ 15-18.)

The Notice Plan, which consists of email and direct mail notification, is reasonably calculated under the circumstances to inform members of the Settlement Class of a description of the material terms of the Settlement, date by which persons in the Settlement Class may exclude themselves from or "opt-out" of the Settlement Class, date by which persons in the Settlement Class may object to the Settlement, and date upon which the Final Approval Hearing will occur. (Agreement § 5.1(b) and Exhibits B-E thereto.)   The Class Notice and Notice Plan therefore satisfy all applicable requirements of law, including, but not limited to, Fed. R. Civ. P. 23 and the constitutional requirement of due process.

### b.      Settlement Administration

ANN agrees to pay an amount up to, but not to exceed $500,000 towards the cost of notice and claims administration.  (Agreement §§ 2.20 & 4.1(a).)  Should this contribution to the Notice Fund prove insufficient, any remaining costs of notice and administration may be paid via any undistributed sums remaining in the Cash Fund and any award of Attorneys' Fees and Expenses.  (*Id.* §§ 4.5(b)(i) & 5.1(a).)

### c.      Claims Process

To be eligible to participate in the Settlement, Settlement Class Members will be required to submit a Claim Form stating that they are members of the Settlement Class and purchased ANN's Merchandise during the Class Period at a discount from the regular or original price.  A copy of the Claim Form is attached to the Settlement Agreement as Exhibit A.  Class Members seeking cash will have to identify the date and store location of at least one purchase.  Settlement Class Members shall return the Claim Form to the address identified on the Claim Form.

Once the forms are submitted, the Settlement Administrator will be responsible for reviewing the forms for completeness.  (Agreement § 4.2(f).)  If a Claim Form is invalid or incomplete, the Settlement Administrator will attempt to cure the defect, including by follow-up

with the Claimant.  (*Id.* § 4.2(g).)  If the defect cannot be cured, the Settlement Administrator

will reject the claim.  (*Id.* & § 4.2(a).)  All Claim Forms must be submitted online or postmarked

on or prior to the end of the Claim Period.  (*Id.* §§ 2.7, 4.2(b) & (c)(ix).)

**d.**     **Distribution Plan**

Within 60 days of the Effective Date, Settlement Class Members submitting valid Claim

Forms will be entitled, at their election, to $5.00 in cash or $12.00 in a Voucher to purchase

Merchandise at the Outlet Stores.  (*Id.* § 4.4.)  If, after paying all valid claims for cash, value

remains in the Cash Fund, such additional funds may be used to pay for any notice and

administration costs that exceed the value of the Notice Fund.  (*Id.* § 4.5(b)(i).)  If additional

value remains in the Cash Fund, it will be used to increase eligible Settlement Class Members'

claimed relief for cash on a *pro rata* basis.  (*Id.* § 4.5(b)(ii).)  If distributing all valid claims for

Vouchers results in a distribution of less than 425,000 Vouchers, an additional $12.00 Voucher

will be issued to each Settlement Class Member, who submitted a valid claim for a Voucher in

the order those claims were received, on a first come first served basis, with the process

repeating until 425,000 Vouchers have been distributed.  (*Id.* § 4.5(c).)  If the total amount of the

timely, valid, and approved claims submitted by Settlement Class Members exceeds the amount

of the Settlement Fund, each eligible Settlement Class Member's initial claim amount, for either

monetary amounts claimed or Vouchers claimed, shall be proportionately reduced on a *pro rata*

basis based on the number of affected accounts, such that the aggregate value of the cash

payments or Voucher amounts does not exceed the value of the Cash Fund or the Voucher Fund,

respectively, provided, however, that if the amount of the cash payment to each Settlement Class

Member after *pro rata* reduction is less than $5.00, then each Settlement Class Member claiming

cash shall receive a Voucher before any other Settlement Class member receives a second

Voucher.  (*Id.*)  Settlement Class Members will be able to combine or stack two of the Vouchers

6

to purchase ANN's Merchandise.  (*Id.* § 2.35.)  The Vouchers are fully transferrable and expire one year from the date they are issued.  (*Id.*)

### 4.    Class Representative Compensation

Class Counsel will seek Incentive Awards of $1,500 for each of the named Plaintiffs. (*Id.* § 8.4.)   If the Court approves them, the total Incentive Awards of $3,000 will be approximately 0.05% of the Settlement Fund.  (Joint Decl. ¶ 23.)  The Incentive Awards will be paid from the Settlement Fund and will be in addition to the distributions Plaintiffs will be entitled to under the terms of the Settlement.  (Agreement § 8.4.)  These awards will compensate the representatives for their time and effort in the Action and for the risks they assumed in prosecuting the Action against ANN.   (Joint Decl. ¶ 23.)   Specifically, Plaintiffs provided assistance that enabled Class Counsel to successfully prosecute the Action and reach the Settlement, including: (1) submitting to interviews with Class Counsel; (2) locating and forwarding relevant responsive documents and information; (3) responding to formal and informal discovery; (4) participating in conferences with Class Counsel; (5) attending the mediation in New York; and (6) participating in numerous subsequent discussions concerning the settlement terms.  (*Id.*)  In so doing, Plaintiffs were integral to the case.  (*Id.*)  ANN does not object to Class Counsel's request for Incentive Awards for the Plaintiffs.

### 5.    Attorneys' Fees and Expenses

ANN will not oppose Class Counsel's request for attorneys' fees of up to 25% of the Settlement Fund, or $1,525,000, as well as reimbursement of costs and expenses incurred in connection with the Action.  (Agreement § 8.1; Joint Decl. ¶ 24.)  The Parties negotiated and reached agreement regarding attorneys' fees and costs only after reaching agreement on all other material terms of this Settlement.  (Agreement § 1.10; Joint Decl. ¶ 24.)

### 6.      Release

In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released ANN from claims relating to the subject matter of the Action. The detailed release language can be found in §VII of the Agreement.

## III.    ARGUMENT

### A.      Legal Standard

Fed. R. Civ. P. 23(e) requires that any compromise of claims brought on a class basis be subject to judicial review and approval.  "The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals."  4 NEWBERG ON CLASS ACTIONS §13:44 (5th ed.).  Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and falls within the range of approval, preliminary approval is generally granted.  *In re Currency Conversion Fee Antitrust Litig.*, No. 01 MDL 1409, 2006 WL 3247396, at *4-5 (S.D.N.Y. Nov. 8, 2006).  Recognizing that a settlement represents an exercise of judgment by the negotiating parties, the Second Circuit has found that a "'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'"  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).[2]  Ultimately, the general standard by which courts are guided when deciding whether to grant preliminary approval of a class action settlement is whether the proposed settlement falls within the range of what could be found "fair, reasonable and adequate," so that notice may be given to the proposed class and a date for the final approval hearing can be scheduled.  *Currency Conversion*, 2006 WL 3247396, at *5.  As demonstrated below, the Settlement satisfies the criteria for preliminary approval.

---

[2]      Unless otherwise noted, citations are omitted and emphasis is added.

**B.      The Settlement Meets the Preliminary Approval Standard**

      **1.      The Settlement Is Procedurally Fair as the Product of Good Faith, Informed, Arm's-Length Negotiations**

"Where a settlement is the 'product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation,' the negotiation enjoys a 'presumption of fairness.'" *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 122 (S.D.N.Y. 2009).  The Settlement in this case is the result of intensive, arm's-length negotiations between experienced attorneys familiar with class litigation.  (Joint Decl. ¶ 26.)  As detailed above, Class Counsel conducted a thorough investigation and analysis of Plaintiffs' claims and engaged in informal, but meaningful, discovery with ANN.  (*Id.* ¶ 27.)  Class Counsel was well positioned to evaluate the strengths and weaknesses of Plaintiffs' claims, and the appropriate basis upon which to settle them.  (*Id.*)  Furthermore, the settlement negotiations of the Parties were held under the supervision of Magistrate Judge Netburn.  (*Id.* ¶ 28.)  *See also McBean v. City of N.Y.*, 228 F.R.D. 487, 494 (S.D.N.Y. 2005) (supervision of a magistrate judge is an important factor in determining that negotiations were free of collusion).

      **2.      The Settlement Is Substantively Fair, Reasonable, and Adequate**

The Second Circuit has identified nine factors that courts should consider in deciding whether to grant final approval of a class action settlement, including: (a) the complexity, expense, and likely duration of the litigation; (b) the reaction of the class; (c) the stage of the proceedings; (d) the risks of establishing liability and establishing damages; (e) the risks of maintaining the class action through trial; (f) the ability of defendants to withstand a greater judgment; (g) the range of reasonableness of the settlement fund in light of the best possible recovery; and (h) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463

(2d Cir. 1974), *abrogated by Goldberger & Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). The *Grinnell* factors also are a useful guide at the preliminary approval stage and as discussed in detail below, support preliminary approval of the Settlement.

**a.      Complexity, Expense, and Likely Duration of the Litigation**

With tens, if not hundreds, of thousands of individuals in the Settlement Class, this case qualifies as complex.  Given the relatively small value of the claim of each member of the Settlement Class, individual cases would be impracticable.  (Joint Decl. ¶ 30.)  Although the Parties already have devoted considerable time and expense to litigating this matter, further litigation without settlement would necessarily result in additional expense and delay.  (*Id.*)

Continued litigation here would likely be difficult, expensive, and time consuming.  (*Id.*) Where, as here, continued litigation would subject the Parties to the "time and expense of deposition discovery, contested motions for class certification, and a likely motion for summary judgment by the Defendants," courts have not hesitated to find that discovery could "take years at great expense."  *In re Sinus Buster Prods. Consumer Litig.*, No. 12-CV-2429 (ADS), 2014 WL 5819921, at *8 (E.D.N.Y. Nov. 10, 2014).  Moreover, if the litigation continued, the Parties would retain experts to perform data analyses and to present those analyses in expert reports, at depositions, and at trial (Joint Decl. ¶ 31), weighing strongly in favor of approval of the Settlement.  *See In re Warner Chilcott Ltd. Secs. Litig.*, No. 06 Civ. 11515 (WHP), 2008 WL 5110904, at *2 (S.D.N.Y. Nov. 20, 2008) (noting that a "high likelihood of significant expenditure on experts . . . weigh[] in favor of preliminary approval").

By reaching a favorable settlement at this stage of the litigation, the Parties will avoid significant expense and delay and instead, provide immediate and tangible relief to the Settlement Class.  (Joint Decl. ¶ 29.)

### b.      The Reaction of the Class to the Settlement

Since no notice has been sent, consideration of this factor is premature.  *Warner Chilcott*,

2008 WL 5110904, at *2.

### c.      The Stage of the Proceedings and Amount of Discovery

The Court must be satisfied that there exists "some evidentiary foundation" in support of

the proposed Settlement.  *Plummer v. Chem. Bank*, 668 F.2d 654, 659 (2d Cir. 1982).

Accordingly, the factor is satisfied where the parties have "engaged in sufficient investigation of

the facts to enable the Court to intelligently make an appraisal of the Settlement."  *In re Austrian*

*& German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 176 (S.D.N.Y. 2000).

Here, Class Counsel conducted an in-depth factual investigation into the claims

underlying the Action.  (Joint Decl. ¶ 34.)  Class Counsel interviewed Plaintiffs and conducted

legal research into the claims, including determining the specific claims alleged in the complaint.

(*Id.*)  Plaintiffs obtained certain information relating to ANN's pricing practices in various

locations to determine whether the pricing practices at issue were systematic and applied to all of

the Merchandise sold in the Outlet Stores.  (*Id.*)  Plaintiffs further retained consultants to develop

and support the damage claims alleged by Plaintiffs.  (*Id.*)  Further, Class Counsel engaged in

serious settlement discussions, overseen by Magistrate Judge Netburn, in which the merits of the

case were examined by both sides in detail, ultimately resulting in the Settlement, which was

designed to fairly compensate Class Members and elicit behavioral changes from ANN to

sharply reduce the likelihood that the challenged behavior will repeat.  (*Id.* ¶ 35.)  *See also*

*Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036(HBP), 2014 WL 7495092,

at *2 (S.D.N.Y. Dec. 29, 2014) (noting that although settling before depositions were taken,

"[b]oth sides were sufficiently familiar with the facts to make an intelligent decision concerning

11

the merits of the settlement").  Accordingly, the record provides sufficient information for this Court to determine that the Parties had adequate information about their claims.

### d.      The Risks of Establishing Liability and Damages

In assessing the Settlement, the Court should balance the benefits afforded the Class, including the immediacy and certainty of a recovery, against the continuing risks of litigation. *See Grinnell*, 495 F.2d at 463.  Plaintiffs have a strong case against ANN; however, winning a judgment would require significant factual development, and the result is by no means certain. (Joint Decl. ¶ 36.)  ANN has denied, and continues to deny, that its practices violate the laws at issue in the suit and has asserted numerous defenses to the claims herein.  (*Id.*)  Likewise, in similar outlet litigation elsewhere, defendants have argued that the comparative discount pricing language contained on the price tags at issue would not lead a reasonable consumer to believe that the product in question was previously sold at a higher price.  (*Id.*)  As such, there could be no violations under state consumer protection statutes for making an unlawful price comparison. (*Id.*)  The threshold issue of whether consumers would be deceived by such language was thus a significant obstacle Plaintiffs would have to overcome in order to move forward with the prosecution of their case.  (*Id.*)  In addition, there is the possibility that the Court would not certify a nationwide class here.  Even if Plaintiffs won a motion for class certification, they risk a jury finding against them as to the liability and/or damages sought.  (*Id.*)

Class Counsel are experienced, realistic, and understand that the resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration.  (*Id.* ¶ 37.)  A settlement of $6.1 million and the behavior changes described above represent a significant recovery.  (*Id.*)

In addition, "[p]roving damages in this action would have been extremely complicated and would almost certainly require significant expert testimony and analysis."  *Park v. The*

*Thomson Corp.*, No. 05 Civ. 2391 (WHP), 2008 WL 4684232, at *4 (S.D.N.Y. Oct. 22, 2008);

Joint Decl. ¶ 38.   Although Plaintiffs believe that expert testimony would provide evidence

sufficient to establish the measure of damages in this case, Plaintiffs are aware that courts in

similar cases have overturned damage awards based on the insufficiency of such evidence.

(Joint Decl. ¶ 38.)  Thus, Plaintiffs faced the risk of a non-monetary recovery for members of the

Settlement Class even if they were able to establish ANN's liability.  (*Id.*)

<strong>e.      The Risks of Maintaining the Class Action Through Trial</strong>

The risks of maintaining this Action as a class action through trial provide additional

support to Plaintiffs' position that the Settlement should be approved.   ANN would likely have

argued that individual issues predominate over common issues.  (*Id.* ¶ 39.)  Here, even assuming

that Plaintiffs were successful in certifying a class, there is a risk that ANN would ask the Court

to reconsider or amend the certification decision.  *Shapiro v. JPMorgan Chase & Co.*, No. 11

Civ. 8831 (CM), 2014 WL 1224666, at *11 & n.62 (S.D.N.Y. Mar. 24, 2014).

<strong>f.      The Ability of Defendant to Withstand a Greater Judgment</strong>

Neither Plaintiffs nor their counsel have direct knowledge as to this factor.  (Joint Decl.

¶ 42.)  It is certainly possible that ANN could withstand a greater judgment for an amount

significantly greater than the Settlement.  (*Id.*)  The Second Circuit, however, has held that this

factor is not dispositive and need not affect the conclusion that the settlement is within the range

of reasonableness.  *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001); *Jermyn v. Best

Buy Stores, L.P.*, No. 08 CIV. 214 CM, 2012 WL 2505644, at *7 (S.D.N.Y. June 27, 2012)

(factor is "typically relevant only where judgment may risk bankruptcy or 'severe economic

hardship'").

13

g.   **The Range of Reasonableness of the Settlement Fund in Light of the Best Possible Recovery and the Attendant Risks of Litigation**

With regard to these factors, the Court looks to "see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Ballinger*, 2014 WL 7495092, at *3 (quoting *In re Gache*, 164 F.3d 617 (2d Cir. 1988)). Determining whether a settlement is "'reasonable' . . . is not susceptible of a mathematical equation yielding a particularized sum." *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 66 (S.D.N.Y. 1993).

Other courts have been uneven in allowing cases, such as this one, to survive a motion to dismiss, suggesting that liability is not certain. (Joint Decl. ¶ 43.) Given the difficulties in establishing damages, Plaintiffs are unable to estimate with any certainty the best possible recovery for members of the Settlement Class at this stage of the litigation. (*Id.*) However, as stated above, establishing damages would be a difficult and expensive task. (*Id.* ¶ 44.) Given the risks and uncertainties of establishing liability and damages at trial, Plaintiffs believe that the Settlement, which includes a Settlement Fund with a value of $6.1 million – with the ability to choose the preferred method of relief – in addition to the benefit of significant practice changes, falls within the range of reasonableness and will prevent future damages based on the practices at issue in this action. (Joint Decl. ¶ 45.)

Moreover, the Settlement reached here compares favorably with settlements reached in similar actions challenging phantom discounts and misrepresentations regarding the provenance of Merchandise sold at outlet stores. *See, e.g.*, *Gattinella v. Michael Kors (USA), Inc.*, No. 14cv5731, 2016 WL 690877 (S.D.N.Y. Feb. 9, 2016) ($4.875 million settlement reached on behalf of 3.4 million identified class members); *Russell v. Kohl's Dep't Stores, Inc.*, No. 5:15-cv-01143-RGK-SP, Final Judgment (C.D. Cal. Oct. 13, 2016) (ECF No. 102) ($6.15 million settlement reached on behalf of 8.82 million identified class members); *Rougvie v. Ascena Retail*

*Grp, Inc.*, No. 15-724, 2016 WL 4111320 (E.D. Pa. July 29, 2016) ($50.8 million settlement reached on behalf of 18.36 million identified class members).  Given these facts, the Court should find that the Settlement falls within the range of reasonableness.

### C.    Certification of the Settlement Class Is Appropriate

To proceed with the Settlement, the Court must certify the Settlement Class pursuant to Rule 23(a)-(b).  *Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006).  Rule 23(a) requires that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  Rule 23(b) requires the Court to find that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

"[T]he Second Circuit has directed district courts to apply Rule 23 according to a liberal rather than a restrictive interpretation."  *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 504 (S.D.N.Y. 1996).  Plaintiffs must show "by a preponderance of the evidence that each of Rule 23's requirements has been met."  *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).  In meeting this burden, Plaintiffs do not need to have "a protracted mini-trial of substantial portions of the underlying litigation" (*In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)), but the Court must still conduct a "rigorous analysis" to ensure that the requirements of Rule 23 are satisfied.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).  "Doubts concerning the propriety of class certification should be resolved in favor of class

certification." *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 174 (S.D.N.Y. 2014) (citing *Levitt v. J.P. Morgan Secs., Inc.*, 710 F.3d 454, 464 (2d Cir. 2013)).

### 1.    Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Courts presume numerosity such that joinder is impracticable where the class exceeds 40 members." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 162 (S.D.N.Y. 2014) (Oetken, J.). Numerosity is satisfied here because ANN's business records identify millions of members in the Settlement Class. (Joint Decl. ¶ 46.)

### 2.    Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common" to the proposed classes. Fed. R. Civ. P. 23(a)(2). For purposes of this Rule, "'[e]ven a single question'" will do. *Dukes*, 564 U.S. at 369. This "common contention, moreover, must be of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350. Commonality is satisfied even though individual circumstances differ, so long as class members' "injuries derive from a unitary course of conduct." *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997).

Here, the commonality requirement is readily satisfied. Plaintiffs and members of the Settlement Class all bring identical claims arising from ANN's labeling and marketing of Merchandise that it sells at its company-owned Outlet Stores. (Joint Decl. ¶ 47.) Specifically, Plaintiffs and members of the Settlement Class claim that the manner in which ANN labels its price tags deceived them into believing they were purchasing products at a discounted price. (*Id.*) Accordingly, the common questions are whether ANN used false price representations and falsely advertised price discounts on its Merchandise sold at its Outlet Stores, and whether such

representations constitute a violation of state consumer protection statutes and common law. These questions will be determined on a classwide basis without regard for evidence pertaining to individual class members.  *See In re Platinum & Palladium Commodities Litig.*, No. 10cv3617, 2014 WL 3500655, at *9 (S.D.N.Y. July 15, 2014).

### 3.    Typicality

Rule 23(a)(3) requires that the claims of the proposed class representatives be typical of the claims of the other class members they seek to represent.   Fed. R. Civ. P. 23(a)(3). Typicality is satisfied when "each class member makes similar legal arguments to prove the defendant's liability."  *In re Drexel Burnham Lambert Grp., Inc*., 960 F.2d 285, 291 (2d Cir. 1992).  Where the "same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993).

Plaintiffs' claims are typical of the members of the Settlement Class' claims because they were subjected to the same advertising and marketing practices by ANN, claim to have suffered from the same injuries, and because they will benefit equally from the relief provided by the Settlement.   (Joint Decl. ¶ 48.)   *See also Indergit v. Rite Aid Corp.*, 293 F.R.D. 632, 652 (S.D.N.Y. 2013) ("'When the same unlawful conduct was directed at or affected both the named plaintiff and the prospective class, typicality is usually met.'").

### 4.    Adequacy

Rule 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This requirement entails an inquiry into whether "'1) plaintiff's interests are antagonistic to the interest of other members of the class and 2)

plaintiff's attorneys are qualified, experienced and able to conduct the litigation.'" *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).

As set forth above, Plaintiffs' interests are coextensive with, and not antagonistic to, the interests of members of the Settlement Class because Plaintiffs and members of the Settlement Class have the same interest in the relief afforded by the Settlement.   (Joint Decl. ¶ 49.) Plaintiffs and members of the Settlement Class do not have divergent interests.  (*Id.*)  Further, Plaintiffs are represented by qualified and competent counsel who have extensive experience and expertise prosecuting complex class actions, including consumer actions similar to the instant case.  (*Id.*)  Class Counsel have devoted substantial time and resources to this Action and will vigorously protect the interests of the Settlement Class.  (*Id.*)

### 5.      Predominance

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). This inquiry examines "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).  Where plaintiffs are "unified by a common legal theory" and by common facts, the predominance requirement is satisfied. *McBean*, 228 F.R.D. at 502.

Plaintiffs readily satisfy the Rule 23(b)(3) predominance requirement because liability questions common to all members of the Settlement Class substantially outweigh any possible issues that are individual to each member of the Settlement Class.  (Joint Decl. ¶ 50.)  As stated

above, the central issue in this litigation is whether ANN engaged in a policy and practice of misrepresenting the existence, nature, and amount of price discounts on products manufactured exclusively for its Outlet Stores.  Because ANN's policies and practices applied to all members of the Settlement Class, questions regarding the legality of those policies "are about the most perfect questions for class treatment."  *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007); *see also Brown v. Kelly*, 609 F.3d 467, 484 (2d Cir. 2010) ("[W]here plaintiffs were allegedly aggrieved by a single policy of the defendants, and there is strong commonality of the violation and the harm, this is precisely the type of situation for which the class action device is suited."); *In re U.S. Foodserv. Inc. Pricing Litig.*, 729 F.3d 108, 118 (2d Cir. 2013).

> **6.**     **Superiority**

The superiority requirement of Rule 23(b)(3) mandates a finding that the "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. 23(b)(3).  As the Supreme Court has noted, the "superiority" (and predominance) requirement was added to the Federal Rules by the Advisory Committee "to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'"  *Amchem*, 521 U.S. at 615.  This is certainly the case here.

Class adjudication of this case is superior to individual adjudication because it would be highly inefficient to require other Class Members to file separate cases to obtain the relief that Plaintiffs and Class Counsel have already secured on their behalf.

> **D.**     **Appointment of Class Counsel**

Rule 23(c)(1)(B) provides that "[a]n order that certifies a class action must . . . appoint class counsel under Rule 23(g)."  Fed. R. Civ. P. 23(c)(1)(B).  In appointing class counsel, the Court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in this action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A).

As set forth above, Class Counsel has significant experience handling class actions and in particular, the claims asserted in this Action as a result of its prosecution of similar deceptive pricing class actions throughout the Country.  Since the inception of this case, Class Counsel has demonstrated its commitment and financial ability to represent Plaintiffs and members of the Settlement Class.  Accordingly, Scott+Scott, Attorneys at Law, LLP and Carlson Lynch Sweet Kilpela & Carpenter, LLC should be appointed as Class Counsel.

### E.    Adequacy of the Proposed Notice Plan

"Fed. R. Civ. P. 23(e)(1)(B) provides that, in the event of a settlement of a class action, '[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement.'"  *Warner Chilcott*, 2008 WL 5110904, at *3.  "To satisfy due process, the notice must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.*  To satisfy the standards of Rule 23 and due process, the notice must describe:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The proposed Notice Plan satisfies all of these criteria.  As recited in the Settlement, the Notice Plan will properly inform members of the Settlement Class of the substantive terms of the Settlement.  It will advise members of the Settlement Class of their options for opting-out of or objecting to the Settlement, and how to obtain additional information about the Settlement.  The Notice Plan is designed to reach a high percentage of the Settlement Class and exceeds the requirements of constitutional due process.  (Joint Decl. ¶¶ 15-18.)  Therefore, the Court should approve the Notice Plan and the form and content of the Class Notices and Claim Form attached to the Settlement Agreement as Exhibits A-E.

### F.    The Plan of Allocation

"'To warrant approval, the plan of allocation must meet the standards by which the . . . settlement was scrutinized – namely, it must be fair and adequate.'"  *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002).  Accordingly, "[a]n allocation formula need only have a reasonable, rational basis, particularly if recommended by 'experienced and competent' class counsel."  *Id.*

The proposed plan of allocation provides for a simple distribution of the Settlement Fund to members of the Settlement Class who submit a valid Claim Form, a copy of which is attached to the Settlement Agreement as Exhibit A.  Valid Claimants will receive, at their election, either $5.00 in cash or at least one Merchandise Voucher worth $12.00.  Any residual amounts in the Cash or Voucher Funds will be distributed *pro rata* to valid Claimants, as specified in the Settlement.  The allocation plan takes into account the fact that many Settlement Class Members

will have not retained proof of their purchase and allows such members to nonetheless share in the recovery.  No portion of the Cash Fund will revert back to ANN.  (Agreement § 4.5(c).) Courts have approved similar plans of distribution in consumer protection cases.  *See, e.g.*, *Katz v. ABP Corp.*, No. 12-cv-04173, 2014 WL 4966052 (E.D.N.Y. Oct. 3, 2014) (preliminarily approving settlement involving election of cash or voucher); *Mehigan v. Ascena Retail Grp., Inc.*, No. 2:15-cv-00724-MAK, Order (E.D. Pa. Oct. 27, 2015) (ECF No. 78) (same).

### G.    The Court Should Schedule a Final Approval Hearing

The last step in the Settlement approval process is a Final Approval Hearing during which the Court will hear all evidence and argument necessary to make its final evaluation of the Settlement.  *NASDAQ Market-Makers*, 176 F.R.D. at 102.  Proponents of the Settlement may explain the terms and conditions of the Settlement and offer argument in support of Final Approval.  The Court will determine at or after the Final Approval Hearing whether the Settlement should be approved; whether to enter an Order and Final Judgment under Rule 23(e); whether to approve Class Counsel's application for Attorneys' Fees and Expenses; and whether to approve the request for Incentive Awards to the Plaintiffs.  Plaintiffs request that the Court schedule the Final Approval Hearing to be held on June 14, 2018 at 10:00 a.m.  Plaintiffs and Class Counsel will file their motions for Final Approval, Attorneys' Fees and Expenses, and Incentive Awards for Plaintiffs no later than 60 days prior to the Final Approval Hearing.

### IV.    <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully request that the Court: (1) preliminarily approve the proposed Settlement (Exhibit 1), including the proposed Notice Plan (Exhibit C), Class Notices (Exhibits B & D), and Claim Form (Exhibit A); (2) certify the proposed Settlement Class; (3) appoint Plaintiffs as Class Representatives; (4) appoint Scott+Scott, Attorneys at Law,

LLP and Carlson Lynch Sweet Kilpela & Carpenter, LLC as Class Counsel; (5) stay this Action

pending Final Approval; and (6) schedule a Final Approval Hearing.

For the Court's convenience, Plaintiffs have submitted a proposed Preliminary Approval

Order in accordance with ECF Rule 18.2.

DATED:  December 12, 2017                Respectfully submitted,
                                         **SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**

                                          _/s/ Joseph P. Guglielmo_
                                         Joseph P. Guglielmo
                                         The Helmsley Building
                                         230 Park Avenue, 17th Floor
                                         New York, NY 10169
                                         Telephone:  212-223-6444
                                         Facsimile:  212-223-6334
                                         jguglielmo@scott-scott.com

                                         **SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
                                         Erin Green Comite
                                         156 South Main Street
                                         P.O. Box 192
                                         Colchester, CT 06415
                                         Telephone:  860-537-5537
                                         Facsimile:   860-537-4432
                                         ecomite@scott-scott.com

                                         **CARLSON LYNCH SWEET**
                                         **KILPELA & CARPENTER, LLP**
                                         Gary F. Lynch
                                         Edwin J. Kilpela
                                         1133 Penn Avenue, 5th Floor
                                         Pittsburgh, PA 15222
                                         Telephone: (412) 322-9243
                                         Facsimile: (412) 231-0246
                                         ekilpela@carlsonlynch.com
                                         glynch@carlsonlynch.com

                                                 - and -

                                         Todd D. Carpenter
                                         402 West Broadway, 29th Floor
                                         San Diego, CA 92101
                                         Telephone: (619) 756-6994

Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:  212-223-6334
jguglielmo@scott-scott.com

25

1   Douglas Caiafa, Esq. (SBN 107747)
    DOUGLAS CAIAFA, A Professional Law Corporation
2   11845 West Olympic Boulevard, Suite 1245
    Los Angeles, California 90064
3   (310) 444-5240 - phone; (310) 312-8260 - fax
    Email: dcaiafa@caiafalaw.com
4
    Christopher J. Morosoff, Esq. (SBN 200465)
5   LAW OFFICE OF CHRISTOPHER J. MOROSOFF
    77-760 Country Club Drive, Suite G
6   Palm Desert, California 92211
    (760) 469-5986 - phone; (760) 345-1581 - fax
7   Email: cjmorosoff@morosofflaw.com

8   Attorneys for Plaintiff STEVEN RUSSELL, et al.

9   Arnold & Porter LLP
    James F. Speyer (SBN 133114)
10  james.speyer@aporter.com
    E. Alex Beroukhim (SBN 220722)
11  e.alex.beroukhim@aporter.com
    Ryan Light (SBN 293858)
12  ryan.light@aporter.com
    777 South Figueroa Street, Forty-Fourth Floor
13  Los Angeles, California 90017-5844
    Telephone: 213.243.4000
14  Fax: 213.243.4199

15  Attorneys for Defendant
    KOHL'S DEPARTMENT STORES, INC.

16

17              UNITED STATES DISTRICT COURT

18             CENTRAL DISTRICT OF CALIFORNIA

19

20  STEVEN RUSSELL, et al.              Case No. 5:15-cv-01143-RSK-SP

21                  Plaintiff,          [~~PROPOSED~~] FINAL JUDGMENT

22       vs.                           Courtroom: 850
                                       Judge:     Hon. R. Gary Klausner
23  KOHL'S DEPARTMENT STORES,          Action     Filed: June 11, 2015
    INC., et al.,
24
                    Defendants.
25

26

27

28

---

WHEREAS, on June 11, 2015, Class Representatives Steven Russell and Donna Caffey (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, filed this class action against Kohl's Department Stores, Inc. ("Kohl's") before this Court;

WHEREAS, on August 14, 2015, Plaintiffs filed a First Amended Complaint against Kohl's;

WHEREAS, on December 4, 2015, the Court granted Plaintiffs' Motion for Class Certification, certifying a class under Rule 23(b)(2) for injunctive relief only;

WHEREAS, the parties entered into a Class Action Settlement Agreement fully executed on March 13, 2016, and an Amended Class Action Settlement Agreement fully executed on May 3, 2016;

WHEREAS, on March 14, 2016, Plaintiffs submitted a Motion for Preliminary Approval of Class Action Settlement and Conditional Certification (the "Motion for Preliminary Approval");

WHEREAS, on April 11, 2016, this Court granted Plaintiffs' Motion for Preliminary Approval, and on April 22, 2016, preliminarily approved the proposed Amended Class Action Settlement Agreement; and

WHEREAS, following notice to the class regarding the Court's preliminary approval of the Amended Class Action Settlement Agreement, Plaintiffs on August 15, 2016 filed a Motion For Final Approval Of Class Action Settlement ("Motion for Final Approval)," and Motion for Attorneys' Fees, Litigation Costs and Class Representatives' Enhancement Payments;

WHEREAS, on September 12, 2016, this Court granted the class settlement, took the Motion for Attorneys' Fees under submission, and provided Objectors and Plaintiffs additional time to brief issues relating to the Motion for Attorneys' Fees;

Having read and considered the Motion For Final Approval, the Motion for Attorneys' Fees, Litigation Costs and Representatives' Enhancement Payments, and all papers filed in support thereof, including the further briefings by Class Counsel

and Objector McDonald, as well as all objections to the settlement and other material in the Court's docket relating to the issues, and in accordance with the Court's prior orders on the Motion for Final Approval and Motion for Attorneys' Fees, IT IS HEREBY ADJUDGED THAT:

1.     The terms of the Amended Class Action Settlement Agreement are fair, reasonable and adequate, and it is approved.

2.     A Settlement Class of all persons who, while in the State of California, and between June 11, 2011, and April 11, 2016 (the "Class Period"), purchased from Kohl's one or more items at a discount of at least 30% off of the stated "original" or "regular" price, and who have not received a refund or credit for their purchase(s) is certified for settlement purposes.

3.     Notice of the settlement was provided to the Settlement Class in a reasonable manner, and was the best notice practicable under the circumstances, including through individual notice to all members who could be reasonably identified through reasonable effort.

4.     Kohl's, with the assistance of Claims Administrator KCC and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), served timely notices of the settlement to the Attorney General of the United States, and the Attorneys General of all 50 states and the District of Columbia, the Attorneys General for the five recognized voting U.S. Territories, as well as parties of interest to this action.

5.     This action between the named Plaintiffs and the Settlement Class Members, on the one hand, and Kohl's, on the other hand, is dismissed with prejudice on the merits.

6.     As a result of the Court's approval of the Amended Class Action Settlement Agreement and dismissal of this action with prejudice, the named Plaintiffs, and all Settlement Class members (other than those who timely filed valid Opt-Out Requests) are permanently barred from asserting, or attempting to assert, any

of the Settlement Class Member Released Claims against Kohl's, which are defined within the Amended Class Action Settlement Agreement in Section 10.1.

7.      All parties shall bear their own fees (including attorneys' fees), expenses, and costs, except that Class Counsel's application for an award of Attorneys' Fees and Costs is granted, with Class Counsel to be paid $1,462,500 in fees plus reimbursement of costs in the total sum of $62,425.00, which costs are to be applied towards additional administrative costs, and paid to KCC.

8.      Pursuant to the terms of the Amended Class Action Settlement Agreement, Claims Administrator KCC will be paid $1,000,000 from the Monetary Component, in addition to the $62,425.00 in costs referenced above that otherwise had been designated to reimburse Class Counsel for costs.

9.      Pursuant to the terms of the Amended Class Action Settlement Agreement and the Order approving settlement, each named Plaintiff will receive $5,000 as an Enhancement Payment, all of which to be paid from the Monetary Component of the Amended Class Action Settlement Agreement.

10.     The Court hereby reserves its exclusive, general and continuing jurisdiction over the Amended Class Action Settlement Agreement as needed or appropriate in order to administer, supervise, implement, interpret or enforce the settlement in accordance with its terms.


Dated: October 13, 2016

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT COURT

- 3 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MELINDA MEHIGAN, et al. | : CIVIL ACTION |
|---|---|
| | : |
| vs. | : |
| | : NO. 15-724 |
| ASCENA RETAIL GROUP, INC., et | : |
| al. | : |

## <u>ORDER</u>

**AND NOW**, this 27th day of October 2015, upon careful review of the claims and defenses in this putative class action filed by retail customers of Defendants Tween Brands, Inc. and Ascena Retail Group, Inc. d/b/a Justice Brand ("Justice") and following consideration of the parties' Joint Motion under Fed.R.Civ.P. 23(e) for an Order preliminarily approving a proposed settlement and directing notice of the proposed settlement (ECF Doc. No. 71), the parties' Supplemental Joint Motion (ECF Doc. No. 76), extended oral argument on October 19, 2015 during which the Court challenged several aspects of the proposed settlement and having carefully considered the attached Settlement Agreement and Exhibits leading us to find substantial and sufficient grounds to proceed, it is **ORDERED** the parties' Joint Motion (ECF Doc. No. 71) is **GRANTED:**

1. **Justice's Cessation of Conduct.** Justice represents it ceased the persistent forty percent (40%) off everything sales, has changed its business model to reprice its merchandise and agrees to abide by all applicable laws with respect to price comparison and sale advertising.

2. **Preliminary Approval of Settlement.** The Proposed Settlement in the attached Settlement Agreement is preliminarily approved as fair, reasonable and

adequate.[1] This Order shall govern to the extent any terms in the Settlement Agreement differ from obligations imposed by this Order.

      3.     **Settlement Class Definition.** The Court hereby preliminarily certifies this action to proceed as a class action for purposes of the Settlement only under Fed.R.Civ.P. 23 on behalf of: **All persons throughout the United States who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012 to February 28, 2015 ("Settlement Class").**

      a.     The Settlement Class excludes Ohio residents within the scope of the class settlement in *Perez v. Tween Brands Inc.,* No. 14CV001119 (Ct. Comm. Pls. Lake Cty OH), which included all Ohio residents who made purchases from Justice stores in Ohio between July 1, 2012 and August 31, 2014 ("Excluded Ohio residents"). The Excluded Ohio residents remain members of the Settlement Class for purchases from Justice from January 1, 2012 to June 30, 2012 or from September 1, 2014 to February 28, 2015.

      4.     **Class Findings.** The Court preliminarily finds, for settlement purposes only, the parties satisfied prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3): (a) the large number of class members renders joinder of all members impracticable; (b) Justice's conduct alleged in the Complaint, including sales advertising of a persistent forty percent (40%) off everything in the store, occurred in all forty-eight (48) states where Justice had retail stores and also applied to direct orders over the internet and phone throughout the United States; (c) there are questions of law and

---

[1]     For purposes of this Order, the Court adopts all defined terms in the Settlement Agreement. Any inconsistencies between the Settlement Agreement and the Long Form Notice approved herein will be controlled by the language of the Settlement Agreement. The attached Settlement Agreement ("Exhibit A") is incorporated.

fact common to the class; (d) the Plaintiffs' claims are typical of the claims of the class they seek to represent; (e) Plaintiffs and Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Mansour Gavin, LPA, and Edward J. Westlow, Esq. (collectively, "Plaintiffs' Counsel") have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court also finds that the Settlement Class is readily ascertainable.

5.    **Class Representative.** The Court preliminarily finds and concludes under Fed.R.Civ.P. 23, for purposes of settlement, Plaintiffs are adequate representatives of the Settlement Class and certifies them as representatives for the Settlement Class.

6.    **Class Counsel.** Plaintiffs' Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or necessary to be taken under, the Settlement Agreement or such other acts that are reasonably necessary to consummate the Proposed Settlement set forth in the Settlement Agreement.

7.    **May 20, 2016 Hearing on Final Approval.** Following notice, requests for exclusion or objections, filing of claim forms and the mandatory waiting period under 28 U.S.C. §1715 (d), we will hold a Settlement Fairness Hearing on **Friday, May 20, 2016 at 9:30 A.M.**, United States Courthouse, 601 Market Street, Courtroom 9A, Philadelphia, Pennsylvania 19106 ("Hearing on Final Approval") to determine whether:

a.    the Settlement Class should be finally certified as a class action under Rules 23(a) and (b) for settlement purposes only;

b.    the terms and conditions in the Settlement Agreement are fair, reasonable, and adequate and should be finally approved;

3

c.      the Released Claims against Justice should be dismissed with prejudice as defined in the Settlement Agreement;

d.      Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved;

e.      the requested incentive award to Plaintiffs is appropriate for their efforts; and,

f.      other matters we may deem appropriate.

8.      The Court reserves the right to approve the Settlement, even if modified by the parties, without further notice of any kind.

9.      **Mandated Statutory Notice.** On or before **November 6, 2015**, Justice shall provide notice to the Attorney General of the United States and the Attorneys General of each state or territory in which a Settlement Class Member resides under 28 U.S.C. § 1715. The Court finds compliance with this notice satisfies 28 U.S.C. § 1715.

10.      **Approved Notices to Settlement Class.** The Court approves the form, substance, and requirements of the Long Form Notice, the Summary (email and post card) Notice, the Press Release, and the Publication Notice of the Justice Class Action Settlement (collectively referred to as the "Settlement Notices"), and the Proof of Claim Form (the "Claim Form") as filed with the Court (ECF Doc. No. 71-1), and finds the procedures established for publication, mailing, and emailing of such Settlement Notices meet Rule 23's requirements and due process, and constitute the best notice practicable under the circumstances.

11.      To effectuate notice, and the collection, analysis, and determination of Claim Forms submitted in accordance with the terms of the Long Form Notice, and other actions required by this Order, the Court hereby appoints McGladrey LLP to serve as the Claims Administrator.

4

12.     The Court-approved Claims Administrator is authorized and directed to issue the Settlement Notices, in substantially their present forms, to the Settlement Class as described in the Settlement Agreement.

13.     The Court-approved Claims Administrator shall, no later than **May 3, 2016**, file with the Court proof of mailing and emailing of the Summary Notice to the Settlement Class. The Claims Administrator shall cause the Short Form Notice, substantially in the form appended to the attached Settlement Agreement as Exhibit 3, to be mailed and emailed no later than **December 21, 2015** to all members of the Settlement Class for whom Justice has an email or mailing address. The date of such initial emailing or mailing is the "Notice Date." The Claims Administrator shall also prepare a list of all Settlement Class members without a known e-mail or mailing address. This list shall be filed with the Plaintiffs' Motion for Final Approval.

14.     On or before the Notice Date, the Long Form Notice, substantially in the form appended to the attached Settlement Agreement as Exhibit 4, and Claim Form, substantially in the form appended to the attached Settlement Agreement as Exhibit 1, shall be published on the web site maintained by the Claims Administrator, as approved by the Court.

15.     **Final Approval Papers due by March 18, 2016.** Plaintiffs' Counsel shall file their motion for final approval of the Settlement, their application for attorney fees and reimbursement of litigation expenses, and the request for incentive awards for Plaintiffs on or before **March 18, 2016**.

## *Class Members' Exclusion or Objections*

16.     Class members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion

5

from the Settlement Class in a timely and proper manner, as set forth in the Settlement Agreement.

17.     Only Settlement Class members shall have rights with respect to approval of or objection to the Proposed Settlement, the application by Plaintiffs' Counsel for an award of attorney' fees and reimbursement of litigation expenses, and Plaintiffs' request for an incentive award.

18.     Settlement Class members requesting exclusion from the Settlement Class shall not be entitled to receive any of the benefits described in the Settlement Agreement and Long Form Notice.

19.     Any Settlement Class member who has not requested exclusion from the Settlement Class may appear at the May 18, 2016 Hearing on Final Approval to show cause as to his or her position on the Proposed Settlement and on the Court's reviewing the settlement approval as fair, reasonable, and adequate; why the proposed Order and Final Judgment should not be entered; why Plaintiffs' Counsel should not be awarded attorneys' fees and reimbursement of litigation expenses in the amounts sought by Plaintiffs' Counsel with the Plaintiffs' approval; or, why Plaintiffs should not be awarded an incentive award in the amount requested.

20.     A class member may only be heard or entitled to contest the approval of the terms and conditions of the Proposed Settlement, the Order and Final Judgment, Plaintiffs' Counsel s application for an award of attorneys' fees and payment of expenses, or Plaintiffs' request for an incentive award by timely delivering written objections and copies of any supporting papers and briefs upon Plaintiffs' and Justice' counsel for delivery no later than **April 4, 2016.**

21.     Any member of the Settlement Class may enter an appearance in the

6

Action, at his or her own expense, individually or through counsel of his or her own choice. Members of the Class who do not enter an appearance will be represented by Plaintiffs' Counsel. Any individual who excludes himself or herself from the Settlement Class may not object to the Proposed Settlement, the Order and Final Judgment, Plaintiffs' Counsel's application for an award of attorneys' fees and payment of expenses, or Plaintiffs' request for an incentive award.

22.     Any Class Member who does not object in the manner prescribed above shall have waived such objection and shall be forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Proposed Settlement or the Order and Final Judgment to be entered possibly approving the Settlement, Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, or Plaintiffs' request for an incentive award.

23.     Responses to any unresolved Objections shall be <u>filed</u>, with the attached unresolved Objection, no later than **April 29, 2016.**

24.     **Stay pending Final Approval Hearing**. Pending final determination of whether the Proposed Settlement should be approved, all discovery and proceedings in this Court are **stayed**, except for proceedings expressly allowed by this Order.

## *Attorneys Fees, Costs and Incentive Awards*

25.     At or after the **May 20, 2016** Hearing on Final Approval, the Court will issue on Order on Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of out- of-pocket expenses and for an incentive award to Plaintiffs for their efforts as representatives of the Settlement Class.

26.     All reasonable costs incurred in identifying and notifying Settlement Class members, as well as administering the Settlement and distributing payments

under the Settlement, shall be paid as set forth in the Settlement Agreement subject to the Court's Final Approval.

27.     Should the Court grant Final Approval and grant Class Counsel's Motion for attorney's fees and reimbursement of expenses ("Fee Award"), then Plaintiffs shall disburse the Fee Award as follows, unless modified by the Court: fifty percent (50%) of the approved Fee Award shall be paid contemporaneously with issuing payments to Class Members and no later than twenty (20) days after the Effective Date; twenty-five percent (25%) of the approved Fee Award shall be paid ninety (90) days after the Effective Date; twenty-five percent (25%) of the approved Fee Award shall be paid upon the earlier of One Hundred and Eighty (180) days after the Effective Date or an Order approving early distribution based upon a certification filed by Class Counsel describing the complete efforts to distribute settlement proceeds to Settlement Class Members.

28.     All reasonable fees and costs incurred in identifying and notifying Settlement Class members, as well as administering the Settlement and distributing payments under the Settlement, shall be paid as defined in the Settlement Agreement, except as modified: (a) Class Counsel will pay all reasonable costs and expenses for Claims Administration Expenses, including Notice Expenses, from the Cash Settlement Amount within thirty (30) days of receipt of the Claims Administrator's invoices by Class Counsel; (b) the Claims Administrator's reasonable fees will be deferred and paid from the Cash Settlement Amount as follows: fifty percent (50%) shall be paid within twenty (20) days after the Effective Date; twenty-five percent (25%) shall be paid ninety (90) days after the Effective Date; and, the remaining twenty-five percent (25%) shall be paid when Class Counsel is paid the remainder its last twenty-five percent (25%) of its fees; and, (c) if the Settlement Agreement is terminated for any reason set forth in

8

paragraph 50 of the Settlement Agreement, including but not limited to denial of Final Approval of this Class Action, the Claims Administrator may seek an Order from the Court to be paid in full from the Cash Settlement Amount for all accrued but deferred reasonable fees, Notice Expenses and Claims Administration Expenses.

29.     If the Proposed Settlement is not approved or consummated for any reason whatsoever, the Proposed Settlement and all proceedings in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Settlement Agreement, except as otherwise described in the Settlement Agreement. In such instance, the Proposed Settlement and Settlement Agreement shall be void *ab initio* and treated as if they never occurred, except as described in the Settlement Agreement.

30.     The administration of the Proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the Settlement Benefits is under this Court's authority.

31.     Pending final determination of whether the Proposed Settlement should be approved, Plaintiffs and all Settlement Class members, and anyone who acts or purports to act on their behalf, shall not institute, commence, prosecute, pursue, seek discovery in or in any other way progress in any other litigation covered by this Settlement Agreement and asserting Claims raised in the case against Justice unless so approved by this Court.

KEARNEY, J.