# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIOBHAN MORROW and ASHLEY GENNOCK, on behalf of themselves and all others similarly situated, | Civil Action No. 16-cv-3340(JPO)(SN) |
| Plaintiffs, | |
| v. | **SETTLEMENT AGREEMENT** |
| ANN INC., a Delaware corporation, | |
| Defendant. | |

## **TABLE OF CONTENTS**

I.      RECITALS ....................................................................................................................3

II.     DEFINITIONS ..............................................................................................................6

III.    CERTIFICATION OF THE SETTLEMENT CLASS AND PRELIMINARY
        APPROVAL ................................................................................................................12

IV.     SETTLEMENT CONSIDERATION AND BENEFITS .............................................13

        4.1    Settlement Fund ..............................................................................................13

        4.2    Eligibility and Process for Obtaining a Cash or Voucher Payment..............15

        4.3    Form of Distribution to Settlement Class Members ......................................18

        4.4    Election By Settlement Class Members of Form of Distribution .................18

        4.5    Excess or Insufficient Funds in the Settlement Fund ....................................19

        4.6    Injunctive Relief.............................................................................................20

        4.7    Confirmatory Discovery .................................................................................21

V.      NOTICE TO CLASS AND ADMINISTRATION OF PROPOSED
        SETTLEMENT.............................................................................................................21

        5.1    Duties and Responsibilities of the Settlement Administrator .......................21

VI.     OBJECTIONS AND REQUESTS FOR EXCLUSION ..............................................27

VII.    RELEASES AND COVENANT NOT TO SUE .........................................................30

VIII.   ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE
        INCENTIVE AWARD .................................................................................................32

IX.     NO ADMISSION OF LIABILITY..............................................................................33

X.      ADDITIONAL PROVISIONS ....................................................................................34

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated December 12, 2017 (the "Agreement"), is submitted to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.  Subject to the Court's approval, this Agreement is entered into by and between Plaintiffs Siobhan Morrow and Ashley Gennock ("Plaintiffs"), on behalf of themselves and each member of the Settlement Class, and Defendant ANN Inc. ("ANN" (as further defined below) and collectively with Plaintiffs, the "Parties"). The Parties intend for this Agreement to fully, finally, and forever resolve, discharge, and settle all released rights and claims, subject to the terms and conditions set forth herein.[1]

## I.      RECITALS

1.1.      On February 10, 2016, Plaintiff Siobhan Morrow, on behalf of herself and all others similarly situated, filed a class action complaint against ANN in the United States District Court for the Southern District of California, Case No. 3:16-cv-344-LAB-BLM.  (ECF No. 1.) ANN was not served in that action.  On March 31, 2016, Plaintiff Morrow filed a notice of voluntary dismissal.  (ECF No. 3.)  On April 22, 2016, the court entered an Order of Dismissal, dismissing Plaintiff Morrow's action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). (ECF No. 4.)

1.2.      On May 5, 2016, Plaintiffs, on behalf of themselves and all others similarly situated, filed a class action complaint (the "Complaint") against ANN in the United States District Court for the Southern District of New York, Case No. 1:16-cv-03340-JPO (the "Action"). (ECF No. 1.)

1.3.      ANN filed a motion to dismiss the Action on June 24, 2016. (ECF No. 18.)

1.4.      On July 15, 2016, Plaintiffs filed a First Amended Complaint. (ECF No. 23.). The First Amended Complaint sought to compensate for, and to remedy, ANN's purportedly deceptive pricing scheme whereby ANN allegedly misrepresented regular or original prices and corresponding phantom "savings" on clothing, shoes, accessories and other fashion apparel sold in its Ann Taylor Factory and LOFT Outlet stores.  Plaintiffs further alleged that ANN falsely

---

[1] Capitalized terms are defined in Section II.

claimed that its outlet store merchandise was once sold in ANN's full-line retail stores and was of the same quality and workmanship as merchandise sold in ANN's full-line retail stores. Plaintiffs further purported to assert claims on behalf of a nationwide class, California class, and Pennsylvania class, and multistate class, for unjust enrichment, violations of California's Unfair Competition Law (California Business & Professions Code §17200, *et seq*.), Consumer Legal Remedies Act (California Civil Code §1750, *et seq*.), False Advertising Law (California Business & Professions Code §17500, *et seq*.), Pennsylvania's Unfair Trade Practices & Consumer Protection Law (73 Penn. Stat. §§ 201-1, *et seq*.), and the consumer protection laws of various states.  ANN denies these allegations, denies that any purported class member has been harmed and asserts that a class action would not be manageable or certifiable in the absence of a settlement.

1.5.    On August 15, 2016, ANN filed a motion to dismiss the First Amended Complaint, (ECF No. 29), which Plaintiffs opposed on September 16, 2016. (ECF No. 32.) ANN filed a reply memorandum in further support of its motion to dismiss on October 14, 2016. (ECF No. 33.)

1.6.    On January 24, 2017, the Court denied ANN's motion to dismiss.  (ECF No. 34.) ANN filed an Answer to the First Amended Complaint on February 14, 2017.  (ECF No. 36.)

1.7.    The Parties submitted a Civil Case Management Plan pursuant to Fed. R. Civ. P. 26(f) on February 23, 2017 (ECF No. 39), and appeared before the Court at an Initial Pretrial Conference on February 28, 2017.

1.8.    The parties exchanged Requests for the Production of Documents on March 8, 2017.  On March 30, 2017, the Parties exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).  On April 10, 2017, Plaintiffs served ANN with Interrogatories.

1.9.    On April 27, 2017, the Parties attended a full-day in-person mediation session before the Hon. Sarah Netburn.  Prior to the session, the parties had prepared confidential submissions for her consideration.  Although the parties were unable to reach a resolution of Plaintiffs' claims during the in-person mediation, arm's-length settlement discussions continued

following the mediation session where the parties exchanged numerous proposals and counterproposals to resolve the litigation, including with the continued assistance of Magistrate Judge Netburn.

1.10.   On October 12, 2017, the Parties reached agreement and memorialized the materials terms of this settlement in a Term Sheet.   After over four months of negotiations, Plaintiffs and ANN reached agreement on the terms of a settlement (the "Settlement") of the Action.   The Parties did not negotiate or discuss attorneys' fees or the Incentive Award (as defined below) to the named Plaintiffs until after all other substantive terms of the Settlement were reached.

1.11.   Plaintiffs believe that the Released Claims (as defined below) have merit. However, Plaintiffs and their counsel recognize and acknowledge that the further expense, length, and risk of continued proceedings that will be necessary to prosecute the Action through discovery, class certification, any motions for summary judgment, trial, and any appeals may exceed the amount of any potential recovery.   Plaintiffs also have taken into account the uncertain outcome and risk of any litigation, as to issues of liability, causation, and damages, especially in a complex Action such as this, and the difficulties and delays inherent in such litigation.   Plaintiffs believe that the Settlement set forth in this Agreement confers substantial, immediate benefits upon the Settlement Class.   Based on their evaluation, and the advice of their counsel, Plaintiffs have determined that this Agreement is a fair, reasonable, and adequate resolution of Class Members' claims.

1.12.   ANN denies any wrongdoing, liability or damage to any person whatsoever; and this Agreement shall in no event be construed as or deemed to be evidence or an admission or concession on the part of ANN with respect to any claim, harm or damages, or of any fault or liability or wrongdoing or damage whatsoever, or of any infirmity in the defenses that ANN has asserted or could assert if the Action were to proceed, and may not be cited in any action as an admission of liability.   Nonetheless, ANN has concluded that further conduct of the Action would continue to be protracted and expensive, and that it is desirable that the Action be fully

and finally settled in the manner and upon the terms and conditions set forth in this Stipulation of Settlement.  ANN also has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this.  ANN has, therefore, determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

 **THEREFORE**, in consideration of the mutual promises and covenants contained herein and of the releases and dismissals of claims described below, the Parties agree to this Settlement, subject to the Final Approval (as defined below) of the Court, upon the following terms and conditions set forth in this Agreement:

## II. DEFINITIONS

 2.1. "Agreement" or "Settlement" or "Settlement Agreement" means this Agreement and its exhibits, attached hereto or incorporated herein, including any subsequent amendments agreed to by the Parties and any exhibits to such amendments.

 2.2. "Attorneys' Fees and Expenses" means such funds as the Court may award to Class Counsel to compensate Class Counsel for the fees and expenses they have incurred or will incur in connection with this Action and Settlement, as described in Section VIII of this Agreement. Attorneys' Fees and Expenses do not include any costs or expenses associated with the Class Notice or administration of the Settlement.

 2.3. "ANN" means ANN Inc., a Delaware corporation with its principal place of business in New York, NY, and those of its affiliates and subsidiaries that own, operate, control, and/or lease Ann Taylor Factory or LOFT Outlet stores, including, but not limited to AnnTaylor Retail, Inc. and AnnTaylor, Inc.

 2.4. "Cash Fund" means the portion of the Settlement Fund valued at Five Hundred Thousand Dollars and No Cents ($500,000.00) that ANN will pay in cash for payments to the Settlement Class Members who elect to receive a cash award and who submit valid and timely Claim Forms, pursuant to Section 4.2.

2.5.    "Claim Form" means the document to be submitted by Claimants seeking payment pursuant to Section 4.2 of this Agreement.  The Claim Form will accompany the mailed Class Notice and will be available online at the Settlement Website, substantially in the form of Exhibit A to this Agreement.

2.6.    "Claim Period" means the time period during which Settlement Class Members may submit a Claim Form to the Settlement Administrator for review.  The Claim Period shall run for a period of one-hundred and twenty (120) calendar days from the date of the first publication of the Summary Settlement Notice or Class Notice, including in online form or otherwise, unless otherwise ordered by the Court.

2.7.    "Claimant" means a Settlement Class Member who submits a claim for payment as described in Section 4.2 of this Agreement.

2.8.    "Class Action Settlement Administrator," "Settlement Administrator," or "Notice Administrator" means Kurtzman Carson Consultants ("KCC"), the company jointly selected by Class Counsel and ANN's Counsel and approved by the Court to provide Class Notice and to administer the claims process.

2.9.    "Class Counsel" means Scott+Scott, Attorneys at Law, LLP, The Helmsley Building, 17th Floor, New York, New York 10169 and Carlson Lynch Sweet Kilpela & Carpenter, LLC, 1133 Penn Ave., 5th Floor, Pittsburgh, Pennsylvania 15222.

2.10.   "Class Notice" or "Long-Form Notice" means the legal notice of the proposed Settlement terms, as approved by Class Counsel and ANN's Counsel, subject to approval by the Court, to be provided to potential members of the Settlement Class pursuant to Section 5.1 below.  The Class Notice shall be substantially in the form attached hereto as Exhibit B.  Any material changes to the Class Notice from Exhibit B must be jointly approved by Class Counsel and ANN's Counsel.

2.11.   "Class Period" means the period from May 5, 2012 to May 4, 2016.

2.12.   "Court" means the United States District Court for the Southern District of New York.

2.13.   "ANN's Counsel" means Morgan, Lewis & Bockius LLP, 1701 Market St. Philadelphia, PA 19103.

2.14.   "Effective Date" means the later of:

(a)   thirty (30) calendar days after the Order and Final Judgment finally approving this Agreement becomes final and unappealable; or

(b)   if an appeal is taken from the Order and Final Judgment, thirty (30) calendar days after the date on which all appellate rights (including petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for certiorari or any other form of review, and proceedings in the United States Supreme Court or any other appellate court) have expired, been exhausted, or been finally disposed of in a manner that affirms the Order and Final Judgment.

2.15.   "Final Approval" of this Agreement means the date that the Order and Final Judgment is entered in this Action approving this Agreement.

2.16.   "Fund Institution" means a third-party banking institution where the cash funds ANN will pay under the terms of this Agreement will be deposited into an interest-bearing Qualified Settlement Fund account, specifically, the Settlement Fund, as defined herein.

2.17.   "Incentive Award" means the court-approved amount Plaintiffs Siobhan Morrow and Ashley Gennock will receive, pursuant to Section 8.5.

2.18.   "Merchandise" means any item sold at ANN's Ann Taylor Factory or LOFT Outlet stores.

2.19.   "Notice Fund" means the portion of the Settlement Fund valued at Five Hundred Thousand Dollars and No Cents ($500,000.00), supplemented as necessary and permissible pursuant to Section 5.1(a), that shall be used to pay for the costs and expenses associated with disseminating notice to the Settlement Class, including but not limited to, the Class Notice and Summary Settlement Notice, and the costs and expenses associated with the administration of the Settlement, including but not limited to, processing claims and fees of the Class Action Settlement Administrator.

2.20.    "Notice Plan" means the plan for publication of Class Notice developed by the Settlement Claim Administrator, attached hereto as Exhibit C, Declaration of Carla Peak with Respect to Settlement Notice Plan.

2.21.    "Order and Final Judgment" means the final order to be entered by the Court approving the Settlement pursuant to the terms and conditions of this Agreement, dismissing the Action with prejudice, releasing claims as fully provided in this Agreement, and otherwise directing as the Court or the Parties deem necessary and appropriate to effectuate the terms and conditions of this Agreement.

2.22.    "Preliminary Approval" means the order preliminarily approving the Agreement, preliminarily certifying the Settlement Class, approving the Notice of Proposed Settlement, and issuing any necessary related orders.

2.23.    "Qualified Settlement Fund" means the type of fund, account, or trust, created pursuant to 26 C.F.R. §1.468B-1, that the Fund Institution will establish to receive payments under this Agreement.

2.24.    "Related Actions" means any action filed, threatened to be filed, or filed in the future in other state or federal courts asserting claims and alleging facts substantially similar to those asserted and alleged in this Action including, *inter alia*, the Released Claims.

2.25.    "Released Claims" means any and all class or other claims against ANN and its current and former officers, directors, members, employees, agents, representatives, insurers, trustees, attorneys, subsidiaries, affiliates, parent companies, investors, prospective investors, predecessors, successors, assigns, distributors, retailers, and all other persons who were or might be claimed to be liable in the Action (collectively, the "Released Persons") regarding any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs, or expenses of any nature whatsoever, whether known or unknown, accrued or unaccrued, fixed or contingent, including, but not limited to, those claims of which Plaintiffs may not be aware and those not mentioned in this Agreement, which Settlement Class Members now have, or hereafter

may have, against the Released Persons arising out of or relating to the allegations in the Complaint and/or the First Amended Complaint, which, for the avoidance of doubt includes ANN's discounting of its Merchandise from a regular or original price, advertising of those discounts, and ANN's sales of Merchandise from Ann Taylor Factory or LOFT Outlet stores, including, but not limited to, allegations regarding the quality of such Merchandise.

2.26.  "Released Persons," including those whom Settlement Class Members covenant not to sue, means and includes ANN, its current and former officers, directors, members, employees, agents, representatives, insurers, trustees, attorneys, subsidiaries, affiliates, commonly held companies, parent companies, investors, prospective investors, predecessors, successors, assigns, distributors, retailers, customers; the respective officers, directors, members, employees, subsidiaries, affiliates, parent companies, investors, shareholders, successors or assigns of the foregoing persons; and all other persons who were or might be claimed to be liable in the Action.

2.27.  "Residual Fund" means the value of funds remaining in the Settlement Fund following the Settlement Administrator's calculation of all claims for a cash award and Vouchers from the Cash Fund and the Voucher Fund.

2.28.  "Settlement Class" or "Settlement Class Member" means all persons identified in ANN's business records as of July 25, 2017, who, during the Class Period, purchased one or more items from ANN's Ann Taylor Factory or LOFT Outlet stores offered at a discount from a regular or original price.  Excluded from the Settlement Class and Settlement Class Members are: (a) the directors, officers, employees, and attorneys of ANN, its parents and subsidiaries, and any other entity in which ANN has a controlling interest; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

2.29.  "Settlement Fund" means the fund valued at Six Million One Hundred Thousand Dollars and No Cents ($6,100,000.00) that ANN will pay and/or distribute in cash and/or in

Vouchers to Settlement Class Members who submit valid and timely Claim Forms, pursuant to Section 4.2.  The Settlement Fund will also be used to pay for Class Notice and administration costs or other costs pursuant to the terms of Section 4.1(a) of this Agreement.

2.30.   "Settlement Hearings" means the hearings the Court will hold to consider and determine whether it should approve the proposed settlement contained in this Agreement as fair, reasonable, and adequate, and whether it should enter Order and Final Judgment approving the terms of the Agreement. The term Settlement Hearings include both a "Preliminary Approval Hearing" and a "Final Approval Hearing," to be held after preliminary approval is granted, as the Court so orders.

2.31.   "Settlement Website" means the website to be created by the Settlement Administrator for this settlement that will include information about the Action and the Settlement, relevant documents, and electronic and printable forms relating to the Settlement, including the Long Form Notice, Short Form Notice, and Claim Form.  The Settlement Website shall be activated on the date of the first publication of the Summary Settlement Notice or Class Notice, whichever is earlier, and shall remain active for at least one hundred and twenty (120) calendar days after the Court enters the Order and Final Judgment.

2.32.   "Summary Settlement Notice" or "Short Form Notice" means the Summary Class Notice of proposed class action settlement, to be disseminated substantially in the form of Exhibit D attached to this Agreement.  Any material changes to the Summary Settlement Notice or Short Form Notice from the form set forth in Exhibit D must be jointly approved by Class Counsel and ANN's Counsel.

2.33.   "Tally" or "Final Tally" means the calculation and report the Settlement Administrator shall provide to the Parties, which shall include the value, number, and type of timely, valid, and approved Claims.  The Final Tally shall also include the amount due to the Cash Fund to fund cash awards and the calculation of the value of the Vouchers that Settlement Class Members timely and validly claimed.

2.34.   "Voucher" means a voucher that may be redeemed for Merchandise at Ann Taylor Factory or LOFT Outlet stores only.  Vouchers are subject to the following terms and conditions: (a) a Settlement Class Member need not spend any cash to use a Voucher for Merchandise; (b) Vouchers are fully transferrable; (c) Up to two (2) Vouchers may be combined or stacked to purchase Merchandise in a single transaction; (d) Vouchers will expire twelve months after distribution; (e) Vouchers may not be combined with other coupon(s) except that Vouchers may be used on any Merchandise offered to the general public on promotion or at a discount; (g) Vouchers have no independent monetary value; and (h) no minimum or maximum purchase amount is required to use Vouchers.

2.35.   "Voucher Fund" means the portion of the Settlement Fund valued at Five Million One Hundred Thousand Dollars and No Cents ($5,100,000.00) (equaling 425,000 Vouchers valued at $12.00 per Voucher) that ANN will pay in Vouchers to Settlement Class Members who elect to receive Vouchers and who submit valid and timely Claim Forms, pursuant to Section 4.2.

## III.   CERTIFICATION OF THE SETTLEMENT CLASS AND PRELIMINARY APPROVAL

3.1.   For the purposes of settlement and the proceedings contemplated herein only, the Parties stipulate and agree that a nationwide Settlement Class should be certified.  Class certification shall be for settlement purposes only and shall have no effect for any other purpose.

3.2.   The certification of the Settlement Class shall be binding only with respect to this Agreement.  In the event that Final Approval does not occur for any reason, the Preliminary Approval, and all of its provisions, shall be vacated by its own terms, this Agreement shall be void, null and of no effect *ab initio*, and this Action shall revert to its status that existed prior to the date of this Agreement.

3.3.   ANN does not oppose class certification for settlement purposes only and consents to Plaintiffs' application to the Court for entry of an order which, among other things: (a) preliminarily certifies the Settlement Class in accordance with the definition set forth in Section 2.29 of this Agreement; (b) preliminarily approves this Agreement for purposes of

issuing Class Notice; (c) approves the timing, content, and manner of the Class Notice and Summary Settlement Notice or Short Form Notice; (d) appoints the Settlement Administrator; (e) appoints Scott+Scott, Attorneys at Law, LLP and Carlson Lynch Sweet Kilpela & Carpenter, LLC as Class Counsel and Plaintiffs Siobhan Morrow and Ashley Gennock as Class Representatives; and (f) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

## IV.   SETTLEMENT CONSIDERATION AND BENEFITS

The settlement relief includes two components to benefit the Settlement Class: (a) a Settlement Fund from which Settlement Class Members who submit timely, valid, and approved claims will obtain cash payments or Vouchers; and (b) injunctive relief taking the form of modifications to the labeling of Merchandise.

### 4.1   Settlement Fund

(a)   **Settlement Fund.**  ANN shall establish a Settlement Fund with a cash and voucher combined value of Six Million, One Hundred Thousand Dollars and No Cents ($6,100,000.00). The Settlement Fund's value is determined as follows: (i) a $5,100,000 Voucher Fund (equaling 425,000 Vouchers valued at $12.00 per Voucher) that will be distributed to eligible Settlement Class Members who make a claim for Vouchers to purchase Merchandise; (ii) a $500,000 Cash Fund that will be used to pay eligible Settlement Class Members who make a claim for a cash award; and (iii) a $500,000 Notice Fund to pay for the Settlement Administrator and to provide Class Notice to the Settlement Class.  Section 4.1(b) sets forth the timing of ANN's obligations regarding the cash and voucher Settlement Fund.

(b)   **ANN's Funding of the Settlement Fund.**

(i) Initial Deposit.  Within twenty (20) calendar days after the entry of the Preliminary Approval Order, ANN shall deposit Five Hundred Thousand Dollars and No Cents ($500,000.00) into an account at the Fund Institution for the purposes of the Notice Fund.  This deadline may be extended by mutual consent of the Parties.

(ii) Additional Payment.  Within thirty (30) calendar days of the Effective Date, ANN shall advance into an account at the Fund Institution the remaining Five Hundred Thousand Dollars and No Cents ($500,000.00) for the Cash Fund.

(iii)  Vouchers.  Within sixty (60) days of the Effective Date, ANN shall work with the Claims Administrator to issue 425,000 Vouchers for $12 each, totaling a value of Five Million One Hundred Thousand Dollars and No Cents ($5,100,000.00).

(c)      Class Counsel must approve any payment of costs or expenses under Sections 4.1(a)(i), 4.1(a)(ii), and 4.1(a)(iii).

(d)      In no circumstances shall ANN's contribution to the Settlement Fund exceed One Million Dollars ($1,000,000.00) in Cash and Five Million, One Hundred Thousand Dollars and No Cents ($5,100,000.00) in Vouchers.   Under this Settlement Agreement, the Parties agree that ANN's contribution to the Settlement Fund, along with its payment of Attorneys' Fees and Expenses and Incentive Awards that are separate from its contribution to the Settlement Fund, will collectively encompass the full extent of ANN's monetary payment in full consideration for the Releases and covenants not to sue set forth in Section VII of this Agreement.  These payments, pursuant to the terms and conditions of this Agreement, and any other non-monetary obligations of and considerations due from ANN set forth in this Agreement, will be in full satisfaction of all individual and class claims asserted in this Action.

(e)      ANN and the Released Parties are not obligated (and will not be obligated) to compute, estimate, or pay any taxes on behalf of Plaintiffs, Class Counsel, any Settlement Class Member, the Notice Administrator, or the Settlement Administrator, or otherwise administer or support the implementation of the Settlement except as set forth herein.

(f)      In the event the Effective Date does not occur, all amounts paid into the Settlement Fund, less amounts incurred to the date it is determined that the Effective Date will not occur for claims administration and notice, shall be returned to ANN.  In no other event shall the amounts paid into the Settlement Fund revert to ANN.

**4.2     Eligibility and Process for Obtaining a Cash or Voucher Payment**

To be eligible for a payment, a Settlement Class Member must submit a timely and valid Claim Form, which will be evaluated by the Settlement Administrator.

(a)     **Claim Form Availability.**  The Claim Form shall be in a substantially similar form to that attached as Exhibit A.  The Claim Form will be: (i) included on the Settlement Website to be designed and administered by the Settlement Administrator; (ii) made readily available from the Settlement Administrator, including by requesting a Claim Form from the Settlement Administrator by mail, e-mail, or calling a toll-free number provided by the Settlement Administrator; and (iii) made readily available via a hyperlink that will be mailed and/or emailed to Settlement Class Members for whom ANN has a mail or email address.  At Class Counsel's option, Class Counsel may establish on their firm websites a link to the Settlement Administrator's website.

(b)     **Timely Claim Forms.**  Settlement Class Members must submit a timely Claim Form, which is postmarked or submitted online before or on the last day of the Claim Period, the specific date of which will be prominently displayed on the Claim Form and Class Notice.  For a Claim Form submitted by mail, the Claim Form will be deemed to have been submitted on the date of the postmark on the envelope or mailer.  For an online Claim Form and in all other cases, the Claim Form will be deemed to have been submitted on the date it is received by the Settlement Administrator.

(c)     **Validity of Claim Forms.**  Settlement Class Members must submit a valid Claim Form, which must contain the Settlement Class Member's name and mailing address, and an attestation of purchase(s) as described in Section 4.2(d).  Settlement Class Members who elect to receive cash instead of a Voucher must additionally identify the date and location of purchase of at least one purchase of Merchandise.  Subject to Section 4.2(g) herein, Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form instructions may be rejected.  The Settlement Administrator will have the sole discretion to determine a Claim

Form's validity. Where a good faith basis exists, the Settlement Administrator may reject a Settlement Class Member's Claim Form for, among other reasons, the following:

        (i)    failure to attest to the purchase of Merchandise during the Class Period at a discount from the regular or original price;

        (ii)    failure to identify the date and location of at least one purchase of Merchandise if the Settlement Class Member elects to receive cash instead of a Voucher;

        (iii)    failure to provide adequate verification or additional information of the Claim pursuant to a request of the Settlement Administrator;

        (iii)    failure to fully complete and/or sign the Claim Form;

        (iv)    failure to submit a legible Claim Form;

        (v)    submission of a fraudulent Claim Form;

        (vi)    submission of Claim Form that is duplicative of another Claim Form;

        (vii)    submission of Claim Form by a person who is not a Settlement Class Member;

        (viii) request by person submitting the Claim Form to pay funds to a person or entity that is not the Settlement Class Member for whom the Claim Form is submitted;

        (ix) failure to submit a Claim Form by the end of the Claim Period; or

        (x) failure to otherwise meet the requirements of this Agreement or the Claim Form.

        (d)    **Attestation of Purchase Under Penalty of Perjury Required.** Because the claims process will not require proof of purchase, each Settlement Class Member shall sign and submit a Claim Form that states to the best of his or her knowledge that he or she is a member of the Settlement Class who purchased Merchandise during the Class Period at a discount from the regular or original price. The Claim Form shall be signed under an affirmation stating the following or substantially similar language: "I declare, under penalty of perjury, that the information in this Claim Form is true and correct to the best of my knowledge, and that I

purchased the Merchandise claimed above at a discount from the regular or original price during the Class Period.  I understand that my Claim Form may be subject to audit, verification, and Court review."

(e)      **Verification of Purchase May Be Required.**  The Claim Form shall advise Settlement Class Members that while proof of purchase is not required to submit a Claim, should good cause exist to doubt the validity of the information provided on the Claim Form, the Settlement Administrator may request verification or more information regarding the purchase of Merchandise for the purpose of preventing fraud.  If the Settlement Class Member does not timely comply or is unable to produce documents or additional information to substantiate the information on the Claim Form and the Claim is otherwise not approved, the Settlement Administrator may disqualify the Claim.

(f)      **Claim Form Submission and Review.**  Claimants may submit a Claim Form either by mail or electronically.  The Settlement Administrator shall review and process the Claim Forms pursuant to the process described in this Agreement to determine each Claim Form's validity.   Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.  The Parties shall take all reasonable steps, and direct the Settlement Administrator to take all reasonable steps, to ensure that Claim Forms completed and signed electronically by Settlement Class Members conform to the requirements of the federal Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001, *et seq*.

(g)      **Claim Form Deficiencies.**  Failure to provide all information requested on the Claim Form will not result in immediate denial or nonpayment of a claim. Instead, the Settlement Administrator will take all adequate and customary steps to attempt to cure the defect and to determine the Settlement Class Member's eligibility for payment and the amount of payment based on the information contained in the Claim Form or otherwise submitted, including, but not limited to, attempting to follow up with the Claimant to gather additional information if necessary.  If the Claim Form defect cannot be cured, the Claim will be rejected.

(h)     **Failure to Submit Claim Form.**  Unless a Settlement Class Member opts out pursuant to Section VI, any Settlement Class Member who fails to submit a timely and valid Claim Form shall be forever barred from receiving any payment pursuant to this Agreement, and shall in all other respects be bound by all of the terms of this Agreement and the terms of the Order and Final Judgment to be entered in the Action.  Any Settlement Class Member who does not opt out will be bound by the Release in this Agreement and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning any of the matters subject to the Release.

**4.3**     **Form of Distribution to Settlement Class Members**

(a)     Payment to be provided to each Settlement Class Member who submits a timely and valid Claim Form pursuant to the terms and conditions of this Agreement shall be in the form of cash and/or Vouchers.  The amount or value of the payment will vary based on: (i) the total amount of valid claims submitted; and (ii) the number of Settlement Class Members who elect to receive cash or Vouchers.

(b)     Cash will be paid by the Settlement Administrator pursuant to Section 4.4, via check;

(c)     Vouchers will be distributed by the Settlement Administrator pursuant to Section 4.4, via either electronic transfer or by mail.

**4.4**     **Election By Settlement Class Members of Form of Distribution**

(a)     On the Claim Form, a Settlement Class Member must elect to receive payment in the form of either cash or Vouchers.

(i)     Settlement Class Members who elect to receive cash will receive a payment of five dollars ($5.00), subject to pro rata upward or downward adjustment pursuant to Section 4.5.

(ii)     Settlement Class Members who elect to receive Vouchers will receive at least one Voucher worth twelve dollars ($12.00) to purchase Merchandise in any of

ANN's Ann Taylor Factory or LOFT Outlet stores, subject to pro rata adjustment pursuant to Section 4.5.

(b)     The Settlement Administrator shall begin making payments or distributing Vouchers to Settlement Class Members who submit timely, valid, and approved Claims via first-class mail or electronic transfer no later than sixty (60) calendar days after the Effective Date. The Settlement Administrator may begin to pay timely, valid, and approved Claims sooner upon ANN's and Class Counsel's joint direction, but not before the Effective Date.

(c)     The Settlement Administrator shall have completed the payment to Settlement Class Members who have submitted timely, valid, and approved Claims no later than one-hundred twenty (120) calendar days after the Effective Date.

### 4.5     Excess or Insufficient Funds in the Settlement Fund

(a)     The Settlement Administrator shall determine each authorized Settlement Class Member's pro rata share based upon each Settlement Class Member's Claim Form and the total number of valid Claims for that type of claim in accordance with this Section.  Accordingly, the actual cash award or Voucher amount received by each Settlement Class Member will not be determined until after the Claim Period has ended and all Claims have been calculated.

(b)     **Excess Funds.**

(i)     If, after paying all valid Claims for cash awards at the amount of $5.00 each, value remains in the Cash Fund, such remaining funds can be used to pay any notice and administration costs that exceed the value of the Notice Fund.  If, after paying costs that exceed the value of the Notice Fund, value remains in the Cash Fund, such remaining funds will be distributed pursuant to Section 4.5(b)(ii).

(ii)     If, after distributing the funds from the Cash Fund in accordance with Section 4.5(b)(i), value remains in the Cash Fund, such remaining funds shall increase eligible Settlement Class Members' claimed relief for cash on a pro rata basis.

(iii)     If, after distributing one $12 Voucher to each Settlement Class Member who submitted a valid and timely claim for a Voucher, less than 425,000 Vouchers have

been distributed, then the Administrator shall distribute an additional $12 Voucher to each Settlement Class Member who submitted a valid and timely claim for a Voucher in the order those claims were received on a first come first served basis.  If less than 425,000 Vouchers have been distributed, then the Administrator shall repeat this process until 425,000 Vouchers have been distributed.

        (c)    **Insufficient Funds.**  If the total amount of the timely, valid, and approved Claims for cash awards exceeds the value of the Cash Fund or if the total number of timely, valid, and approved claims for Vouchers submitted by Settlement Class Members exceeds 425,000 Vouchers, eligible Settlement Class Members' claimed relief shall be decreased on a pro rata basis for that type of claim, i.e., a cash award or a Voucher, such that the aggregate value of the cash awards and Voucher amounts does not exceed the value of the Cash Fund or the Voucher Fund respectively.

        If, however, (i) a Settlement Class Member's cash award is subject to a pro rata reduction (*i.e.*, the Settlement Class Member's cash award would be less than $5.00) and (ii) funds remain in the Voucher Fund, then each Settlement Class Member electing to receive a cash award shall receive both their pro rata share of the cash award and also a Voucher before any Settlement Class Member electing to receive a Voucher receives a pro rata increase in the Voucher amount. It is the Parties' intent to distribute the entirety of the Settlement Fund to Settlement Class Members pursuant to Sections 4.5(a)-(c).  If, after distributing the funds from the Settlement Fund in accordance with Sections 4.5(a)-(c), including to the payment of notice and administration costs, any cash remains in the Settlement Fund from uncashed checks, upon motion by Plaintiffs and upon approval by the Court, the Parties will jointly select a *cy pres* recipient and move the Court to have such cash from uncashed checks paid to the *cy pres* recipient. Under no circumstances shall any cash remaining in the Settlement Fund revert or otherwise be returned to ANN.

    **4.6**    <u>**Injunctive Relief**</u>

(a)      As a direct result of this Action, ANN agrees that its pricing and labeling practices as of the date of this Settlement Agreement, and continuing forward, will not violate federal or state law.

(b)      Within sixty (60) calendar days of the Effective Date, ANN will label new Merchandise as being from Ann Taylor Factory or LOFT Outlet stores.  ANN may also label new Merchandise as being from such other store, product, or brand name(s) as may come to exist provided such labeling accurately describes the Merchandise's provenance.  Copies of exemplar labels that will be used are set forth as Exhibit F.  The parties agree that these exemplar labels satisfy the applicable terms of this Agreement.

(c)      For purposes of this Agreement, sales of Merchandise already in ANN's inventory prior to Final Approval shall not constitute a violation of this Agreement.

### 4.7    Confirmatory Discovery

The Parties agree that for purposes of effectuating this Agreement, they will engage in, in a manner to be agreed upon by the parties, confirmatory discovery regarding the labeling referred to in Section 4.6(b).

Should the Parties be unable to agree upon the manner of confirmatory discovery, the Parties agree to refer any dispute to the Court for prompt resolution pursuant to S.D.N.Y. Local Civil Rule 37.2.

ANN has provided to the Settlement Administrator a list of the names of potential Settlement Class Members based on the definition of the Settlement Class for whom ANN has current mail or electronic mail addresses, as reflected by ANN's search of its electronic records.

## V.    NOTICE TO CLASS AND ADMINISTRATION OF PROPOSED SETTLEMENT

### 5.1    Duties and Responsibilities of the Settlement Administrator

Class Counsel and ANN recommend and retain KCC to be the Settlement Administrator for this Agreement.  The Settlement Administrator shall abide by and shall administer the Settlement in accordance with the terms, conditions, and obligations of this Agreement and the Orders issued by the Court in this Action.

(a)      **Costs of Notice and Administration**.   The costs of notice and claims administration will be paid as follows:

(i) ANN will contribute Five Hundred Thousand Dollars and No Cents ($500,000.00) to the Notice Fund as specified in Section 4.1(a).  ANN shall not be required to pay any notice and claims administration costs in excess of the Notice Fund as specified in Section 4.1(a).

(ii) If the costs of notice and claims administration exceed ANN's contribution to the Notice Fund, the costs of notice and claims administration may be paid from excess value remaining in the Cash Fund as specified in Section 4.5(b)(i);

(iii) If the costs of notice and claims administration exceed Five Hundred Thousand Dollars and No Cents ($500,000.00), and there is either (I) no value remaining in the Cash Fund or (II) insufficient value remaining in the Cash Fund to pay the costs of notice and claims administration, then any remaining costs of notice and claims administration will be deducted and paid from any award of Attorneys' Fees and Expenses made pursuant to Section 8.1.

(b)      **Class Notice Duties.**  The Settlement Administrator shall, in cooperation with the Parties, be responsible for consulting on and designing the Class Notice, Summary Settlement Notice, and Claim Form.  Notice will be by email and direct mail.  After the Court's Preliminary Approval of this Agreement and Appointment of the Settlement Administrator, the Settlement Administrator shall also be responsible for disseminating the Class Notice, substantially in the form as described in the Notice Plan attached as Exhibit C to this Agreement, as specified in the Preliminary Approval Order, and as specified in this Agreement. Dissemination of the Class Notice shall commence within fifteen (15) calendar days following the Court's Preliminary Approval of this Agreement and Appointment of the Settlement Administrator.   The Class Notice and Summary Settlement Notice will comply with all applicable laws, including, but not limited to, the Due Process Clause of the Constitution.  Class Notice duties include, but are not limited to:

(i) consulting on, drafting, and designing the Class Notice, Summary Settlement Notice, and Claim Form.  Class Counsel and ANN's Counsel shall have input and joint approval rights, which shall not be unreasonably withheld, over these Notices and Form or any changes to the Notices and Form;

(ii) developing a Notice Plan, attached as Exhibit C to this Agreement.  Class Counsel and ANN's Counsel shall have input and joint approval rights, which shall not be unreasonably withheld, over this Notice Plan or changes to this Notice Plan.  To the extent that the Settlement Administrator believes additional or different Notice should be undertaken than that provided for in the Notice Plan, Class Counsel and ANN's Counsel shall have input and joint approval rights in their individual and sole discretion over any additional or different Notice;

(iv) establishing and publishing a website that contains the Class Notice and related documents, including a Claim Form capable of being completed and submitted on-line.  The website, including the Class Notice, shall remain available for at least 120 days after the Effective Date;

(v) sending the Class Notice and related documents, including a Claim Form, via electronic mail or regular mail, to any potential Settlement Class Member who so requests and sending such Class Notice and documents to the list, provided by ANN, of individuals identified in ANN's business records as of July 25, 2017, for whom ANN has a mail or electronic mail address;

(vi) responding to requests from Class Counsel and ANN's Counsel; and

(vii) otherwise implementing and assisting with the dissemination of the Notice of the Settlement.

(c)      **Class Action Fairness Act Notice Duties to State and Federal Officials.**  No later than ten (10) calendar days after this Agreement is filed with the Court, ANN shall mail or cause to be mailed the items specified in 28 U.S.C. § 1715(b) to each State and Federal official specified in 28 U.S.C. § 1715(a).

(d)     **Claims Process Duties.**     The Settlement Administrator shall be responsible for implementing the terms of the Claim Process and related administrative activities, including communications with Settlement Class Members concerning the Settlement, Claim Process, and the options they have.  Claims Process duties include, but are not limited to:

(i) executing any mailings required under the terms of this Agreement;

(ii) establishing a toll-free voice response unit to which Settlement Class Members may refer for information about the Action and the Settlement;

(iii) establishing a post office box for the receipt of Claim Forms, exclusion requests, and any correspondence;

(iv) receiving and maintaining on behalf of the Court all correspondence from any Settlement Class Member regarding the Settlement, and forwarding inquiries from Settlement Class Members to Class Counsel or their designee for a response, if warranted; and

(v) receiving and maintaining on behalf of the Court any Settlement Class Member correspondence regarding any opt-out requests, exclusion forms, or other requests to exclude himself or herself from the Settlement, and providing to Class Counsel and ANN's Counsel a copy within five (5) calendar days of receipt.  If the Settlement Administrator receives any such forms or requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and ANN's Counsel with copies.

(e)     **Claims Review Duties.**     The Settlement Administrator shall be responsible for reviewing and approving Claim Forms in accordance with this Agreement. Claims Review duties include, but are not limited to:

(i) reviewing each Claim Form submitted to determine whether each Claim Form meets the requirements set forth in this Agreement, including, but not limited to whether the person for whom the Claim is made is a Settlement Class Member, and whether it should be allowed, including determining whether a Claim by any Settlement Class Member is timely, complete, and valid;

(ii) working with Settlement Class Members who submit timely claims to try to cure any Claim Form deficiencies;

(iii) using all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, maintaining a database of all Claim Form submissions;

(iv) keeping an accurate and updated accounting via a database of the number of Claim Forms received, whether the Settlement Class Member elected to receive a cash award or a Voucher, the name and address of the Settlement Class Member who made the claim, whether the claim has any deficiencies, and whether the claim has been approved as timely and valid; and

(v) otherwise implementing and assisting with the Claim review process and payment of the Claims, pursuant to the terms and conditions of this Agreement.   For avoidance of doubt, the Settlement Administrator shall have the sole discretion to determine the validity of Claims.

(f)      **Updates.**  The Settlement Administrator shall provide periodic updates to Class Counsel and ANN's Counsel regarding Claim Form submissions beginning within seven (7) business days after the commencement of the dissemination of the Class Notice or the Summary Settlement Notice, continuing on a monthly basis thereafter, and shall provide such an update within seven (7) calendar days before the Final Approval Hearing.  The Settlement Administrator shall also provide such updates to Class Counsel or ANN's Counsel upon request, within a reasonable amount of time.  The Settlement Administrator shall give the Final Tally to the Parties no later than seven (7) calendar days after the close of the Claim Period.

(g)      **Claims Payment Duties.**   The Settlement Administrator shall be responsible for sending cash awards and Vouchers to all eligible Settlement Class Members with valid, timely, and approved Claims pursuant to the terms and conditions of this Agreement. Claim Payment duties include, but are not limited to:

(i) within seven (7) calendar days of the Effective Date, provide a report to Class Counsel and ANN's Counsel calculating the number of valid and timely claims, the number of Settlement Class Members who elected to receive cash awards and Vouchers, and the amount of those cash awards and Vouchers, when paid pursuant to the Residual Fund described in Section 4.5;

(ii) per Sections 4.3, 4.4, and 4.5, once the Settlement Fund has been funded, sending cash awards and Vouchers to Settlement Claim Members who submitted timely, valid, and approved Claim Forms; and

(iii) once cash awards and Vouchers distributions have commenced to the Settlement Class pursuant to the terms and conditions of this Agreement, the Settlement Administrator shall provide a regular accounting to Class Counsel and ANN's Counsel that includes, but is not limited to, the number of cash awards paid and their value and the number of Vouchers awarded and their value.

(h)     **Reporting to Court.**  Not later than ten (10) calendar days before the date of the Final Approval Hearing, the Settlement Administrator and Notice Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) describes the scope, methods, and results of the notice program.

(i)     **Duty of Confidentiality.**  The Settlement Administrator shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity, except to the Parties or as provided for in this Agreement or by Court Order.

(j)     **Right to Request Claims Information.**  Class Counsel and ANN's Counsel shall have the right to receive information regarding the number and type of Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

(k)     **Failure to Perform.**  If the Settlement Administrator misappropriates any funds from the Administration or Settlement Funds or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, ANN, or ANN's Counsel, then the Party who discovers the misappropriation or concealment or to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced.  If the Settlement Administrator fails to perform adequately on behalf of the Parties, the Parties may agree to remove the Settlement Administrator.  Neither Party shall unreasonably withhold consent to remove the Settlement Administrator.  The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith.  If unable to so resolve a dispute, the Parties will refer the matter to the Court for resolution.

## VI.    OBJECTIONS AND REQUESTS FOR EXCLUSION

6.1.    A Settlement Class Member may either object to the settlement contemplated in this Agreement pursuant to Section 6.2 or request exclusion from this Agreement pursuant to Section 6.3.

6.2.    **Objections.**  Settlement Class Members shall have the right to object to this Settlement and to appear and show cause, if they have any reason why the terms of this Agreement should not be given Final Approval, pursuant to this paragraph:

(a)     A Settlement Class Member may object to the settlement contemplated in this Agreement either on his or her own without an attorney, or through an attorney hired at his or her own expense.

(b)     Any person who submits a Request for Exclusion or "Opt Out" as provided by Section 6.3 may not submit an objection to the settlement contemplated in this Agreement.

(c)     Any objection to the settlement contemplated in this Agreement must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), filed with the Court, with a copy delivered to Class Counsel and ANN's Counsel at

the addresses set forth in the Class Notice, no later than thirty (30) calendar days before the Final Approval Hearing.

(d)     Any objection regarding or related to the settlement contemplated in this Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Morrow v. ANN Inc.*, Civil Action No. 1:16-cv-03340-JPO (S.D.N.Y.)."

(e)     Any objection regarding or related to the settlement contemplated in this Agreement shall contain: information sufficient to identify and contact the objecting Settlement Class Member (or his or her individually hired attorney, if any); a clear and concise statement of the Settlement Class Member's objection; the date(s), time(s) and location(s) that the objector has purchased Merchandise; the facts supporting the objection; a specific statement of the legal grounds on which the objection is based, including whether it applies only to the objector, to a specific subset of the class, or to the entire class; the number of times in which the objector and/or his or her counsel has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector and/or his or her counsel has made such objection and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case, the identity of any former or current counsel who may be entitled to compensation for any reason related to the objection to the Agreement or fee application; the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity; a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing.

(f)     Any objection shall include documents sufficient to establish the basis for the objector's standing as a Settlement Class Member, such as: (i) a declaration signed by the objector under penalty of perjury, with language similar to that included in the Claim Form attached hereto as Exhibit A, that the Settlement Class Member purchased Merchandise offered at a discount from a regular or original price during the Class Period; or (ii) receipt(s) reflecting such purchase(s).

(g)     Class Counsel and ANN's Counsel shall have the right to respond to any objection no later than seven (7) calendar days prior to the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the individually hired attorney for the objecting Settlement Class Member; to Class Counsel; and to ANN's Counsel.

(h)     If an objecting Settlement Class Member chooses to appear at the hearing, no later than fifteen (15) calendar days before the Final Approval Hearing, a Notice of Intention to Appear, either In Person or Through an Attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

6.3.    **Requests for Exclusion.**  Settlement Class Members shall have the right to elect to exclude themselves, or "opt out," of the monetary portion of this Agreement, relinquishing their rights to compensation under this Agreement, and preserving their claims for damages that accrued during the Class Period, pursuant to this section:

(a)     A Settlement Class Member wishing to opt out of this Agreement must send to the Settlement Administrator, by U.S. Mail, a personally signed letter including his or her name and address, and providing a clear statement communicating that he or she elects to be excluded from the Settlement Class.

(b)     Any request for exclusion or opt out must be postmarked on or before the opt-out deadline date specified in the Preliminary Approval Order. The date of the postmark on

the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

(c)     The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and ANN's Counsel, and shall file a list reflecting all requests for exclusion with the Court no later than ten (10) calendar days before the Final Approval Hearing.

(d)     The Request for Exclusion must be personally signed by the Settlement Class Member.

6.4.   Any Settlement Class Member who does not file a timely written request for exclusion as provided in the preceding Section 6.3 shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the Release in this Action, even if he or she has litigation pending or subsequently initiates litigation against ANN relating to the claims and transactions released in this Action.

6.5.   Any Settlement Class Member who does not request exclusion from the Settlement has the right to object to the Settlement. Settlement Class Members may not both object and opt out of the Settlement. Any Settlement Class Member who wishes to object must timely submit an objection as set forth in Section 6.2 above.  If a Settlement Class Member submits both an objection and a written request for exclusion, he or she shall be deemed to have complied with the terms of the procedure for requesting exclusion as set forth in Section 6.3 and shall not be bound by the Agreement if approved by the Court and the objection will not be considered by the Court.

6.6.   ANN shall have in its sole and exclusive discretion the right to terminate and withdraw from this Agreement at any time prior to Final Approval if the number of timely and valid Requests for Exclusion or "Opt Outs" received exceeds five thousand (5000).

## VII.   **RELEASES AND COVENANT NOT TO SUE**

7.1.   Upon the Effective Date of this Settlement Agreement, Plaintiffs and each Settlement Class Member, and each of their successors, assigns, heirs, and personal representatives, shall be deemed to have, and by operation of the Judgment shall have, fully,

finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons. Plaintiffs and each Settlement Class Member covenant and agree that they shall not hereafter seek to sue, institute litigation against or otherwise seek to establish liability or damages against any Released Persons or any other person based, in whole or in part, on any of the Released Claims. The Released Claims shall be construed as broadly as possible to effect complete finality over this litigation involving the pricing, labeling, and advertising of Merchandise offered at a discount from a regular or original price and ANN's sales of Merchandise from Ann Taylor Factory or LOFT Outlet stores, including, but not limited to, claims regarding the quality of such Merchandise, as alleged in the Complaint or First Amended Complaint.

7.2.   Upon the Effective Date, ANN shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Settlement Class Members, and Class Counsel from all claims (including Unknown Claims, defined in Section 7.3) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims ("ANN's Released Claims").

7.3.   In addition, with respect to the subject matter of this Action, by operation of entry of the Order and Final Judgment, Plaintiffs and each Settlement Class Member, and each of their respective successors, assigns, legatees, heirs, and personal representatives, and ANN with respect to ANN's Released Claims, expressly waive any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including, without limitation, Section 1542 of the California Civil Code, which provides:

> A General Release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time
> of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor.

In addition to the foregoing, by operation of entry of the Order and Final Judgment, Plaintiffs and each Settlement Class Member, and ANN with respect to the ANN's Released Claims, shall be deemed to have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, and any and all principles of common law that are similar, comparable, or equivalent in substance or intent to Section 1542 of the California Civil Code ("Unknown Claims").

7.4.    To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement, including but not limited to any Related Actions.

## VIII.  ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARD

8.1.    Class Counsel will make an application for an award of Attorneys' Fees and Expenses in the Action that will not exceed One Million Five Hundred Twenty-Five Thousand Dollars and No Cents ($1,525,000.00), which ANN has agreed to pay. This shall be the sole aggregate compensation paid by ANN for Class Counsel representing the Class and it shall be paid separate and apart from ANN's contributions to the Settlement Fund. Class Counsel agrees that any award of Attorneys' Fees and Expenses will be sought solely and exclusively in the Action.  Class Counsel agrees that they will not seek or accept more than One Million Five Hundred Twenty-Five Thousand Dollars and No Cents ($1,525,000.00) in Attorneys' Fees and Expenses. The Parties also agree that the final order on attorneys' fees submitted to the Court for approval shall state that the maximum amount for which ANN will be liable to Class Counsel in the Action is the amount approved by the Court, not to exceed One Million Five Hundred Twenty-Five Thousand Dollars and No Cents ($1,525,000.00).   The ultimate award of Attorneys' Fees and Expenses will be determined by the Court.

8.2.    ANN shall wire to an account identified and maintained by Class Counsel any Court-approved Attorneys' Fees and Expenses to Class Counsel within thirty (30) calendar days

of the Effective Date.  Such payment shall be in full settlement of any claim for any Attorneys'
Fees and Expenses by Class Counsel.

8.3.    ANN will not appeal from any order with respect to the award of Attorneys' Fees
and Expenses provided that the order does not award Attorneys' Fees and Expenses in excess of
the amount stated in Section 8.1.

8.4.    Class Counsel will make an application for an Incentive Award for the named
Plaintiffs, Siobhan Morrow and Ashley Gennock, in the amount of One Thousand Five Hundred
Dollars and No Cents ($1,500.00) each.  The ultimate availability and amount of the Incentive
Award will be determined by the Court.   Any Incentive Award ordered shall be the sole
compensation paid to Plaintiffs Siobhan Morrow and Ashley Gennock for representing the
Settlement Class, and ANN shall pay any Incentive Awards separate and apart from ANN's
contributions to the Settlement Fund.  Within thirty (30) calendar days after the Effective Date,
ANN shall pay to Plaintiff Siobhan Morrow and Ashley Gennock Incentive Awards of One
Thousand Five Hundred Dollars and No Cents ($1,500.00) each, or such other amount approved
by the Court not to exceed One Thousand Five Hundred Dollars and No Cents ($1,500.00) per
named Plaintiff.

## IX.    NO ADMISSION OF LIABILITY

9.1.    ANN has denied and continues to deny that the pricing and labeling of its
Merchandise is false, deceptive, or misleading to consumers or violates any legal requirement,
including but not limited to, the allegations that ANN engaged in unfair, unlawful, fraudulent, or
deceptive trade practices, breached an express warranty, or was unjustly enriched.  ANN further
denies that any action or inaction alleged in the Complaint or First Amended Complaint caused
any harm or damages or can be pursued on a class wide basis over ANN's objection.  ANN is
entering into this Settlement Agreement solely because it will eliminate the uncertainty,
distraction, burden, and expense of further litigation.  The provisions contained in this Settlement
Agreement and the manner or amount of relief provided to Settlement Class Members herein
shall not be deemed a presumption, concession, or admission by ANN of any fault, liability,

wrongdoing, harm or damages as to any facts or claims that have been or might be alleged or asserted in the Action, or in any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in any action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

9.2.    In the event that the Court does not approve this Settlement Agreement through an Order and Final Judgment substantially in the form jointly submitted by the Parties strictly as required in this Agreement (or in a modified form mutually acceptable to the Parties), or this Settlement Agreement is terminated or fails to become effective or final in accordance with its terms, the Plaintiffs and ANN shall be restored to their respective positions in the Action as of the date hereof.  In such event, the terms and provisions of this Settlement Agreement shall have no further force and effect, shall be void *ab initio*, and shall not be used in the Action or in any other proceeding or for any purpose, and the Parties will jointly make an application requesting that any Judgment entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

9.3.    By entering into this Settlement Agreement, ANN is not consenting to or agreeing to certification of the Settlement Class for any purpose other than to effectuate the settlement of the Action.  The Parties agree that if the Court does not approve this Settlement Agreement substantially in the form submitted (or in a modified form mutually acceptable to the Parties), or if this Settlement Agreement is terminated or fails to become effective or final in accordance with its terms, the Action shall proceed as if no Party had ever agreed to such settlement, without prejudice to the right of any Party to take any and all action of any kind in the Action.

## X.    <u>ADDITIONAL PROVISIONS</u>

10.1.    The Parties agree that information and documents exchanged in negotiating this Settlement Agreement were done so pursuant to Fed. R. Evid. 408, and no such confidential information exchanged or produced by either side may be revealed for any other purpose than this Settlement.  This does not apply to publicly available information or documents.

10.2.    Pursuant to paragraph 21 of the Stipulated Protective Order entered in this Action (ECF No. 46), the Parties agree to return or dispose of confidential documents and information exchanged in negotiating this Settlement Agreement within sixty (60) days of the Effective Date. This does not apply to publicly available information or documents.

10.3.    To facilitate the implementation of the Settlement Agreement, the Parties agree to a stay of the proceedings and all deadlines in the Action, except for the Confirmatory Discovery referred to in Section 4.7, and except as necessary to implement the Settlement Agreement.

10.4.    The Parties agree that the terms of the Settlement Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

10.5.    The Parties and their respective counsel agree to use their best efforts and to cooperate fully with one another: (i) in seeking preliminary and final Court approval of this Settlement; and (ii) in effectuating the full consummation of the Settlement provided for herein.

10.6.    Each counsel or other person executing this Settlement Agreement on behalf of any Party hereto warrants that such person has the authority to do so.

10.7.    This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument. Executed counterparts shall be deemed valid if delivered by mail, courier, electronically, or by facsimile.

10.8.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties (including all Settlement Class Members), their respective agents, attorneys, insurers, employees, representatives, officers, directors, partners, divisions, subsidiaries, affiliates, associates, assigns, heirs, successors in interest, and shareholders, and any trustee or other officer appointed in the event of a bankruptcy, as well as to all Released Persons as defined in Section 2.27.  The waiver by any Party of a breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other breach of this Settlement Agreement.

10.9.   This Settlement Agreement and any exhibits attached to it constitute the entire agreement between the Parties hereto and supersede any prior agreements or understandings, whether oral, written, express, or implied between the Parties with respect to the Settlement.

10.10.   No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing, signed by all Parties and their counsel, and approved by the Court.

10.11.   The Parties to this Settlement Agreement each represent to the other that they have received independent legal advice from attorneys of their own choosing with respect to the advisability of making the settlement provided for in this Settlement Agreement, and with respect to the advisability of executing this Settlement Agreement, that they have read this Settlement Agreement in its entirety and fully understand its contents, and that each is executing this Settlement Agreement as a free and voluntary act.

10.12.   Except as otherwise provided herein, all notices, requests, demands, and other communications required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be delivered personally, by facsimile, by email, or by overnight mail, to the undersigned counsel for the Parties at their respective addresses.

10.13.   The titles and captions contained in this Settlement Agreement are inserted only as a matter of convenience and for reference, and shall in no way be construed to define, limit, or extend the scope of this Settlement Agreement or the intent of any of its provisions. This Settlement Agreement shall be construed without regard to its drafter, and shall be construed as though the Parties participated equally in the drafting of this Settlement Agreement.

10.14.   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement and the Parties to the Settlement Agreement submit to the jurisdiction of the Court for those purposes.

10.15.   To the extent Class Counsel wishes to issue any general or public communication about the settlement, any such public statement shall be limited to publicly available information

and documents filed in this action and/or in a form mutually agreed upon by Class Counsel and ANN's Counsel.

10.16.  This Settlement Agreement Sheet may be signed in counterparts.  Facsimile or PDF copies of signature pages shall be treated as originals.

Dated: December 12, 2017

**SIOBHAN MORROW**

Date: 12/12-17

**ASHLEY GENNOCK**

Date: 12/12/2017

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
Joseph P. Guglielmo
Erin Green Comite
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Gary F. Lynch
Edwin J. Kilpela
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com
ekilpela@carlsonlynch.com

-and-

Todd D. Carpenter
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6994
Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com

*Counsel for Plaintiffs*

37

ANN INC.

By: _____

Name: Duane D. Holloway

Title: Executive Vice President, General
Counsel and Secretary

Date: 12/12/17

MORGAN, LEWIS & BOCKIUS LLP
Gregory T. Parks
Kristin M. Hadgis
1701 Market Street
Philadelphia, PA 19103-2921
Tel: (215) 963-5000
Fax: (215) 963-5001
gregory.parks@morganlewis.com
kristin.hadgis@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Regina Schaffer-Goldman
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
regina.schaffer-goldman@morganlewis.com

*Counsel for Defendant ANN Inc.*