UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIOBHAN MORROW and ASHLEY GENNOCK, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>ANN INC., a Delaware corporation,<br><br>       Defendant. | Civil Action No. 16-cv-3340(JPO)(SN) |

## PRELIMINARY APPROVAL ORDER

The Parties to the above-captioned action currently pending against Defendant ANN Inc. ("ANN" or "Defendant") have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Settlement Agreement").[1] The Settlement Agreement was reached through arm's-length negotiations by the Parties with the assistance, and under the supervision, of Magistrate Judge Sarah Netburn. Under the Settlement Agreement, subject to the terms and conditions therein, and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims in exchange for monetary relief, including direct relief of $6,100,000.00 in cash and Vouchers (not including ANN's payment of Attorneys' Fees and Expenses and Incentive Awards to Plaintiffs) and injunctive relief, including compliance with federal and state laws related to pricing and advertising and changes to the labeling of its Merchandise.

The Settlement Agreement has been filed with the Court and Plaintiffs have filed an Unopposed Motion for Preliminary Approval of Class Settlement and Certification of Settlement

---

[1]   All capitalized terms used herein have the same meanings as those used in the Settlement Agreement.

Class (the "Motion"), along with an accompanying Memorandum of Law. Upon considering the Motion and exhibits thereto, the Settlement Agreement, record in these proceedings, representations and recommendations of Class Counsel, and requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to these proceedings; (2) the proposed Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representatives and Class Counsel; (4) the Settlement Agreement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement Agreement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Plan and proposed forms of Class Notice and Summary Settlement Notice ("Settlement Notices") satisfy Fed. R. Civ. P. 23 and constitutional due process requirements and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, terms of the Settlement Agreement, Class Counsel's application for an award of Attorneys' Fees and Expenses and Request for Incentive Awards for Plaintiffs, and their rights to opt-out of the Settlement Agreement or object to the Settlement Agreement; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Fed. R. Civ. P. 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement Agreement and enter the Final Approval Order; and (8) other related matters pertinent to the Preliminary Approval of the Settlement Agreement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The terms of the Settlement Agreement are hereby incorporated by reference in this Order as if fully set forth herein.  First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this District.

**Provisional Class Certification and
Appointment of Class Representatives and Class Counsel**

4. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial.  *Id*.

5. The Court finds, for settlement purposes, that the Fed. R. Civ. P. 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23.  The Court therefore provisionally certifies the following Settlement Class: all persons identified in ANN's business records as of April 18, 2017, who, from May 5, 2012 to May 4, 2016, purchased one or more items from Defendant's Ann Taylor Factory or LOFT Outlet Stores offered at a discount from a regular or original price.

6. Excluded from the Settlement Class and Settlement Class Members are: (a) the directors, officers, employees, and attorneys of ANN, its parents and subsidiaries, and any other

3

entity in which ANN has a controlling interest; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

7.      Specifically, the Court finds, for settlement purposes, that the Settlement Class satisfies the following factors of Fed. R. Civ. P. 23:

    i.      **Numerosity:**   In the Action, millions of individuals are members of the proposed Settlement Class.  Their joinder is impracticable. *In re Platinum & Palladium Commodities Litig.*, No. 10cv3617, 2014 WL 3500655, at *8 (S.D.N.Y. July 15, 2014) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)); *see also* 1 NEWBERG ON CLASS ACTIONS § 3.05, at 3-25 (3d ed. 1992) (suggesting that any class consisting of more than 40 members "should raise a presumption that joinder is impracticable").  Thus, the Rule 23(a)(1) numerosity requirement is met.

    ii.     **Commonality:** "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011).  Here, the commonality requirement is satisfied because there are multiple questions of law and fact that center on ANN's class-wide policies and practices that are common to the Settlement Class.

    iii.    **Typicality:** "Typicality 'requires that the claims of the class representatives be typical of those of the class, and "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal argument to

prove the defendant's liability."'" *Platinum & Palladium*, 2014 WL 3500655, at *9 (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)) (citation omitted). Thus, "'[s]ince the claims only need to share the same essential characteristics, and need not be identical, the typicality requirement is not highly demanding.'" *Platinum & Palladium*, 2014 WL 3500655, at *9 (quoting *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 155 (S.D.N.Y. 2002)). Accordingly, "'[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims.'" *Platinum & Palladium*, 2014 WL 3500655, at *9 (quoting *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993)). Here, the typicality requirement is met.

    iv.    **Adequacy:** "Adequacy requires determining whether '1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation.'" *Platinum & Palladium*, 2014 WL 3500655, at *10 (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiffs and Class Counsel have vigorously and competently represented the interests of the Settlement Class in the Action.

5

    v.  **Predominance and Superiority:** Fed. R. Civ. P. 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members[.]" Rule 23(b)(3) is satisfied for settlement purposes because the common legal and alleged factual issues here predominate over individualized issues and resolution of the common issues for thousands of members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and can be resolved for all Settlement Class Members in a single common judgment.

8. The named Plaintiffs, Siobhan Morrow and Ashley Gennock, are designated as Class Representatives of the Settlement Class.

9. The following firms are appointed as Class Counsel:

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
Joseph P. Guglielmo
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:   212-223-6334
jguglielmo@scott-scott.com

**SCOTT+SCOTT, ATTORNEYS AT LAW, LLP**
Erin Green Comite
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone:  860-537-5537
Facsimile:   860-537-4432
ecomite@scott-scott.com

6

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone:  619-756-6994
Facsimile:   619-756-6991
tcarpenter@carlsonlynch.com

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Gary F. Lynch
Edwin J. Kilpela
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone:  412-322-9243
Facsimile:   412-231-0246
glynch@carlsonlynch.com
ekilpela@carlsonlynch.com

## **Preliminary Approval of the Settlement**

10. As this Court previously held in *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179-80 (S.D.N.Y. 2014):

> Preliminary approval is the first step in the settlement of a class action whereby the court "must preliminarily determine whether notice of the proposed settlement … should be given to class members in such a manner as the court directs, and an evidentiary hearing scheduled to determine the fairness and adequacy of settlement." Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 11.25 (4th ed. 2002).
>
> Preliminary approval of a settlement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623 (PAC) et al., 2009 WL 6615729 at *3 (S.D.N.Y. Nov. 27, 2009)) (citing Newberg § 11.25 (4th ed. 2002)). Nevertheless, courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *Hernandez v. Merrill Lynch & Co, Inc.*, No. 11 Civ. 8472 (KBF)(DCF), 2012 WL 5862749 at *1 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Association-Eastern Railroads*, 627 F.2d 631, 634 (2d Cir. 1980); see Newberg § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the

range of possible approval," the court should permit notice of the settlement to be sent to class members).

11. The Court preliminarily approves the Settlement Agreement, and the exhibits attached to the Motion, as fair, reasonable, and adequate. The Court finds that the Settlement Agreement was reached in the absence of collusion and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement Agreement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement Agreement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement Agreement and enter a Final Approval Order.

12. Subject to Final Approval of the proposed Settlement Agreement, and subject to the provision of the Settlement Notices required by this Order, the Court approves the provisions of the Settlement Agreement making the Settlement Agreement and its release of claims binding on all Settlement Class Members, whether or not they actually receive notice of the Action or the Settlement Agreement.

**Approval of Claim Process, Settlement Notices,
and Direction to Effectuate Notice Plan**

13. The Court approves the form and content of the Claim Form appended to the Settlement Agreement, as well as the Claim Form process outlined therein.

14. The Court approves the form and content of the Settlement Notices to be provided to the Settlement Class, substantially in the forms appended to the Settlement Agreement. The Court further finds that the Notice Plan of the Settlement Agreement is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to apprise

the Settlement Class of the pendency of the Action, class certification for settlement purposes, the terms of the Settlement Agreement, their rights to opt-out of or object to the Settlement Agreement, Class Counsel's Fee Application, and the Request for Incentive Awards for Plaintiffs. The Settlement Notices and Notice Plan constitute sufficient notice to all persons entitled to notice. The Settlement Notices and Notice Plan satisfy all applicable requirements of law, including, but not limited to, Fed. R. Civ. P. 23 and the constitutional requirement of due process.

15. The Court directs that KCC LLC act as the Settlement Administrator.

16. The Settlement Administrator shall implement the Notice Plan, as set forth below and in the Settlement Agreement, using substantially the forms of the Settlement Notices attached to the Settlement Agreement and approved by this Order. Notice shall be provided to the members of the Settlement Class pursuant to the Notice Plan, as specified in the Settlement Agreement and approved by this Order. The Notice Plan shall include email and direct mail notice, as set forth in the Settlement Agreement, the exhibits appended thereto, and below.

### Notice Plan

17. The Settlement Administrator shall administer the Notice Plan, which shall be comprised of email and direct mail notice.

18. The Settlement Administrator is directed to perform all other responsibilities under the Notice Plan.

### Final Approval Hearing, Opt-Outs, and Objections

19. A Final Approval Hearing shall be held before the undersigned on March 15, 2018 at 3:00 p.m. in Courtroom 706 of the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, New York 10007, to determine, among other things: (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) whether the Action should be dismissed with prejudice, as to the Plaintiffs and all Settlement Class Members, pursuant to the

terms of the Settlement Agreement; (c) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (d) whether Settlement Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Settlement Class should be finally certified; (f) the amount of Incentive Awards for Plaintiffs; and (g) the amount of Attorneys' Fees and Expenses to be awarded to Class Counsel.  The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

20. The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by completing and mailing a request for exclusion ("Opt-Out") to the address set forth in the Settlement Notices.  Such request for exclusion must be postmarked no later than the last day of the Opt-Out period, as specified in the Settlement Notices.  For a Class Member's Opt-Out to be valid, it must: (i) be personally signed; (ii) include the name and address of the person requesting exclusion; (iii) be timely postmarked and mailed to the address designated in the Settlement Notices; and (iv) include a clear statement communicating that he or she elects to be excluded from the Settlement Class.  A request for exclusion that does not comply with all the foregoing requirements, is sent to an address other than the one designated in the Notice Plan, or is not sent within the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Settlement Class Member and by the Settlement Agreement, if the Settlement Agreement is finally approved.  No member of the Settlement Class may purport to exercise any exclusion rights of any other person, or purport to exclude other members of the Settlement Class as a group,

aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the member(s) of the Settlement Class that is or are the subject of the purported Opt-Out shall be a member(s) of the Settlement Class and treated and be bound by the Settlement Agreement and as a Settlement Class Member for all purposes.  Any member of the Settlement Class who successfully Opts-Out of the Settlement Agreement shall be deemed to have waived any rights or benefits under the Settlement Agreement and will have no standing to object to the Settlement Agreement and may not submit any such objection.

21. The Court further directs that any Settlement Class Member who wishes to object to the Settlement Agreement must file a written objection ("Objection") with the Court and mail and serve it upon Class Counsel and Defendant's Counsel, as specified in the Settlement Notices. For an Objection to be considered by the Court, the Objection must be postmarked no later than 30 calendar days before the Final Approval Hearing.  To be considered valid, each Objection must be timely served, filed (as judged by the filing deadline and postmark date and time set forth), and must set forth: (i) a caption or title that identifies it as "Objection to Class Settlement in *Morrow v. ANN Inc.*, No. 1:16-cv-03340-JPO (S.D.N.Y.)"; (ii) the full name, current address, and telephone number of the objector and his or her attorney(s), if any; (iii) documents sufficient to establish the basis for the objector's standing as a Settlement Class Member, such as a declaration signed by the objector under penalty of perjury with language similar to that included in the Claim Form or receipt(s) reflecting such purchase(s); (iv) a statement of the facts supporting the Objection; (v) a statement of the legal grounds on which the Objection is based, including a statement of whether those grounds apply only to the objector, a specific subset of the class, or the entire class; (vi) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the Objection, the caption of each case in which the

objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (vii) the identity of any former or current counsel who may be entitled to compensation for any reason related to the Objection to the Settlement Agreement or Fee Application; (viii) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the Objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (ix) any and all agreements that relate to the Objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity; (x) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (xi) a list of all persons who will be called to testify at the Final Approval Hearing in support of the Objection; (xii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (xiii) the objector's signature (an attorney's signature is not sufficient).

22. Any Settlement Class Member who wishes to object and appear at the Final Approval Hearing in person, instead of submitting only a written Objection, must, along with the required written Objection and by the same due date, also file a written notice of intention to appear at the Final Approval Hearing with the Clerk of the Court, and mail and serve the notice on Class Counsel and Defendant's Counsel, no later than 30 calendar days before the Final Approval Hearing. Any Settlement Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the

Settlement Agreement, shall be deemed as having waived his or her objections in this Action and shall forever be barred from making any such objections in this Action.

### Further Papers in Support of Settlement Agreement and Fee Application

23. Plaintiffs shall file their Motion for Final Approval of the Settlement Agreement, and Class Counsel shall file their Fee Application and Request for Incentive Awards for Plaintiffs, no later than January 15, 2018.

24. Plaintiffs and Class Counsel shall file their responses to timely filed Objections to the Motion for Final Approval of the Settlement Agreement, their Fee Application and Request for Incentive Awards for Plaintiffs no later than March 8, 2018.  If ANN chooses to file a response to timely filed Objections to the Motion for Final Approval of the Settlement Agreement, it also must do so no later than March 8, 2018.

### Effect of Failure to Approve Settlement Agreement or Termination

25. In the event of a termination, as provided in the Settlement Agreement, all of the Parties' respective pre-Settlement Agreement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and ANN's right to oppose class certification.  Any discussions, offers, or negotiations associated with the Settlement Agreement shall not be discoverable, offered into evidence, or used in the Action, or any other action or proceeding for any purpose, without prejudice to Plaintiffs' right to seek class certification and ANN's right to oppose class certification.  In such event, all Parties to the Action shall stand in the same position as if the Settlement Agreement had not been negotiated, made, or filed with the Court and as if this Order had not been entered.

### Stay/Bar of Other Proceedings

26. All proceedings in the Action are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement Agreement.

27. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

(i) The Settlement Administrator shall complete the Notice Plan by December 29, 2017;

(ii) Plaintiffs shall file their Motion for Final Approval of the Settlement Agreement, and Class Counsel shall file their Fee Application and Request for Incentive Awards for Plaintiffs, no later than January 15, 2018;

(iii) Settlement Class Members must file any Objections to the Settlement Agreement, Motion for Final Approval of the Settlement, Class Counsel's Fee Application, and/or Request for Incentive Awards no later than February 13, 2018;

(iv) Members of the Settlement Class must file requests for exclusion from the Settlement Agreement by no later than February 13, 2018;

(v) Plaintiffs and Class Counsel shall file their responses to timely filed Objections to the Motion for Final Approval of the Settlement Agreement and Fee Application no later than March 8, 2018;

(vi) If ANN chooses to file a response to timely filed objections to the Motion for Final Approval of the Settlement Agreement, it shall do so no later than March 8, 2018;

(vii) All Claim Forms must be submitted online or postmarked within 120 calendar days from the date of the first publication of the Summary Settlement Notice or Class Notice, whether online, via print publication, or via press release, whichever is earlier; and

(viii)   The Final Approval Hearing will be held on March 15, 2018 at 3:00 p.m. before the undersigned Judge in Courtroom 706 of the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, New York 10007.

IT IS SO ORDERED.

DATED:  December 14, 2017

_____
J. PAUL OETKEN
United States District Judge