# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

SIOBHAN MORROW and ASHLEY
GENNOCK, on behalf of themselves
and all others similarly situated,

Case No. 16-cv-3340-JPO

Plaintiffs,

v.

ANN INC., a Delaware corporation,

Defendant.



DATE FILED 3-12-18

## OBJECTION OF PAMELA SWEENEY PRO SE TO THE PROPOSED SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR

NOW COMES, Pro Se Objector, Pamela Sweeney and hereby files these objections to the proposed settlement in this matter.

### I. PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Pamela Sweeney, Pro Se ("Objector") believes she is a member of the class as defined in that certain Legal Notice of Class Action Settlement which is not dated (the "Notice"). Objector's address and telephone number are listed at the conclusion of this objection.

### II. NOTICE OF INTENT TO NOT APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Final Approval Hearing at 3:00 p.m. on April 19, 2018 at the Thurgood Marshall U.S. Courthouse, Courtroom 706, 40 Foley Square, New York, New York 10007.

### III. OBJECTOR IS A CLASS MEMBER

After reviewing the Notice, the Objector states that she is a class member with standing to object to the Court's Order for Preliminary Approval of the Settlement by virtue of her purchasing one or more items from ANN's Ann Taylor Factory or LOFT Outlet stores offered at a discount from a regular or original price. Objector submitted a claim to the Settlement Administrator on February 26, 2018 on the Settlement website. Her claim ID # is AXW60053387501.

### IV. REASONS FOR OBJECTING TO THE PROPOSED SETTLEMENT

**A.  The Requested Attorney Fees are Excessive.**

Plaintiff Class Counsel requests that the Court award a total of $1.525 million in attorney fees and costs. The Settlement Fund is valued at $6.1 million dollars 300,000.00.  The cash portion available to Class Members is $500,000 dollars. Also, $500,000 dollars are to be used to pay the cost of settlement administration.    Then there is a "voucher fund" valued at $5.1 million

dollars. Attorney fees and Class Representative Service Fees are to be paid by the Defendant separately. Because the amount of Attorney Fees requested is three times more than the cash benefit to the Class and they are based on an estimated value a "coupon settlement" the fees are excessive.

### 1. Coupon Settlements under Class Action Fairness Act

The Class Action Fairness Act of 2005 ("CAFA") in addition to significantly expanding federal jurisdiction over class actions, (federal courts now have original jurisdiction to hear class actions in which: 1) the aggregated damages claim exceeds $5 million, 2) there are at least 100 class members, and 3) at least one plaintiff and one defendant are citizens of different states. *See* 28 U.S.C. §1332(d) (2)). Several CAFA provisions require special scrutiny of class actions involving "coupon settlements". One of the most important changes under CAFA is the treatment court's should give to settlements involving these coupon settlements. Coupon settlements "have been severely criticized by commentators in the field" and "are strongly disfavored by the Attorneys General of most of the states.". *See Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1321 (S.D. Fla. 2007). Criticism of coupon settlements predates CAFA. *See, e.g., Buchet v. ITT Consumer Fin. Corp.*, 845 F. Supp. 684, 696 (D. Minn. 1994), amended by 858 F. Supp. 944 (proposed coupon settlement rejected after court found that coupon redemption rates in similar cases were so low that the certificates in this case offered no real value to the class). CAFA regulates attorney's fees in coupon settlements by providing that any portion of

fees attributable to the award of the coupons "shall be based on the value to class members of the coupons that are redeemed" rather than the theoretical value of the coupons available for redemption. (28 U.S.C. §1712(a)).

The rate of coupon redemption can be effected by many different factors including use restrictions, transaction costs and the general desire of a class member to in fact use them in the commercial setting. Further, because valuation can be complex, CAFA provides that the court may receive expert testimony on the actual value to the class members of the coupons that are redeemed. Several post-CAFA cases include parameters for how courts should define and value coupon settlements and illustrate the types of settlements that are likely to receive court approval. Some of these cases reflect an inherent bias against coupon settlements and their derivatives.

Plaintiff claims that their fee request of $1.575 million dollars withstands an analysis under either the percentage of the case and an appropriate loadstar cross check and seemingly, on its face it does. Plaintiff's assertion, however, glosses over the fact that settlement values assumes every "voucher" will be redeemed and moreover redeemed at its full value. Class Counsel spends no time analyzing why the value of the vouchers should be $5.1 million which is the full face value of the voucher. They simply state the face value and proceed to analyze the request for fees ignoring their burden of proof regarding vouchers value. They offer no expert testimony, no historical data, and no similar cases where the face value of the voucher was the "real value" to the Class. Unlike so

many other cases where class counsel overwhelmed the court with support for its proposition that face value and actual value of the vouchers were one and the same, Plaintiff here provides nothing.

Given the lack of support Objector contends that at least 50% of the vouchers will go unused. That would limit the value of the vouchers to approximately $2.55 million dollars. Applying the 25% percentage of the fund standard would yield a fee of $627,500.00

### IV. CONCLUSION

Because the appropriate attorney's fees for Class counsel is $627,500.00 the Court should not approve the settlement.

Respectfully submitted,    March 1, 2018

*Pamela Sweeney* PRO SE
Pamela Sweeney, Pro Se
2672 Mutchler Road
Madison, WI 53711
pam.sweeney1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2018 I caused to be filed this Objection by mailing it via U.S. First Class Mail to the Clerk of Courts of the United States District Court for the Southern District of New York. When the Clerk files this Notice of Appeal in the CM/ECF system it will effectuate service of this filing on all CM/ECF registered attorneys in this case.

*Pamela Sweeney, Pro Se*

Sweeney
2072 Marshall Road
Fitchburg, WISC
53711

Clerk of Courts
USDC - Southern New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

Pro se SN