UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIOBHAN MORROW and ASHLEY GENNOCK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANN INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 16-cv-3340(JPO)(SN) |

# FINAL APPROVAL ORDER

The Parties to the above-captioned action currently pending against Defendant ANN Inc. ("ANN" or "Defendant") have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Settlement Agreement").[1] The Settlement Agreement was reached through arm's-length negotiations by the Parties and their counsel with the assistance, and under the supervision, of Magistrate Judge Sarah Netburn. Under the Settlement Agreement, subject to the terms and conditions therein, and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims in exchange for monetary relief, including direct relief of $6,100,000.00 in cash and Vouchers (not including ANN's payment of Attorneys' Fees and Expenses and Incentive Awards to Plaintiffs) and injunctive relief, including compliance with federal and state laws related to pricing and advertising and changes to the labeling of its Merchandise.

On December 14, 2017, this Court granted Plaintiffs' unopposed Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class, preliminarily approving the

---

[1] All capitalized terms used herein have the same meanings as those used in the Settlement Agreement.

Settlement Agreement, appointing Scott+Scott Attorneys at Law LLP and Carlson Lynch Sweet Kilpela and Carpenter LLP as Class Counsel, appointing Siobhan Morrow and Ashley Gennock as Class Representatives, establishing deadlines for Settlement Class Members to file objections or request exclusion from the Settlement, appointing Kurtzman Carson Consultants LLC as Settlement Administrator, and ordering effectuation of the Notice Plan. (ECF No. 62.)[2]

On April 19, 2018, the Court held a Final Approval Hearing to which all Class Members, including those with objections, were invited. The Class received no objections from any Class members at the Final Approval hearing. As of April 16, 2018, the Settlement Administrator has received 63 timely opt-outs from the Settlement. Class Counsel and Counsel for Defendant appeared at the Final Approval hearing.

The Court, having reviewed the materials submitted in connection with the Settlement and being fully advised and having afforded Class Members an opportunity to object, hereby finds that the Class Settlement is fair and reasonable under Rule 23 of the Federal Rules of Civil Procedure, the Class Notice sent to Class Members satisfies the requirements of Rule 23 and due process, and the Parties have fully complied with the Preliminary Approval Order.

The Court finds that the Notice given provided the best notice practicable under the circumstances and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to members of the Settlement Class. The Court further finds that ANN provided timely and sufficient notice of the proposed settlement to appropriate federal and state officials under the Class Action Fairness Act of 2005, 17 U.S.C. § 1715. Under these circumstances, it is fair and reasonable to make the Agreement and its release of claims binding on all Class Members, whether or not they actually received notice of this action and the proposed

---

[2] On December 21, 2017, the Court issued an Order adjourning certain deadlines in the Preliminary Approval Order. (ECF No. 64.)

Settlement. The Court finds that the Settlement and the Court's granting of the Final Approval Order and Judgment of Dismissal is binding on all Settlement Class Members, whether or not they received actual notice of the Settlement, the Final Approval Order, or the Judgment of Dismissal.

The Court finds the Settlement Agreement to be fair and made in good faith. Further, the Court finds that there has been no collusion between the parties in reaching the Settlement Agreement.

The Court hereby finds that the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class. The Court approves the Settlement Agreement submitted by the Parties and orders the Parties to perform their obligations pursuant to the Settlement Agreement.

The Court finds that for purposes of the Settlement, the requirements for certification of a Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure are satisfied. The Court finds that (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of fact or law common to the class; (iii) such common questions predominate over questions affecting only individual members; (iv) the claims of the Class Representative are typical of the claims of the Class; (v) the proposed representative will fairly and adequately protect the interests of the Class; and (vi) a class action is a superior method for the fair and efficient adjudication of the controversy.

The Settlement Class is defined in the Settlement Agreement as all persons identified in ANN's business records as of July 25, 2017, who, from May 5, 2012 to May 4, 2016, purchased one or more items from Defendant's Ann Taylor Factory or LOFT Outlet Stores offered at a discount from a regular or original price, and is adjudged a final and permanent class for purposes of this Action, as well as for the Final Approval Order and Judgment of Dismissal.

Payment to Class Counsel in the amount of $1,000,000 for Attorney's Fees, costs, and expenses incurred in prosecution of this Action is hereby approved as reasonable compensation for Class Counsel's work, which has resulted in a substantial benefit to the Settlement Class and created Settlement Benefits that will be provided to Settlement Class Members in accordance with the terms of the Agreement. No other Attorney's Fees, costs, or expenses shall be paid by Defendant.

A payment in the amount of $1,500 to each of the named Plaintiffs, Siobhan Morrow and Ashley Gennock, in settlement of their claims and in recognition of their services as Class Representative, is approved as fair and reasonable. Plaintiffs shall not be entitled to any other payment under the Agreement.

All Class Members are bound by this Final Approval Order and the Judgment of Dismissal. They are further bound by the terms of the Settlement Agreement, including, but not limited to, its Release provisions, as described in Section VII of the Settlement Agreement.

Plaintiffs and all Settlement Class Members (as defined in the Settlement Agreement) hereby release Defendant, and all Released Parties, from all Released Claims, as defined in paragraph 2.25 of the Settlement Agreement.

A Judgment of Dismissal in the form attached hereto shall be entered herewith and shall dismiss this Action with prejudice and without costs (other than what has been provided for in the Agreement). By this Judgment of Dismissal, the Court dismisses the claims of Plaintiffs and the Settlement Class Members against Defendant and the Released Parties with prejudice and without costs.

Notice of entry of this Order and the ensuing Judgment of Dismissal has been given to Class Counsel on behalf of the Settlement Class. It shall not be necessary to send notice of entry

of this Final Approval Order or ensuing Judgment of Dismissal to individual members of the Settlement Class.

Plaintiffs and all Settlement Class Members are permanently enjoined and barred from commencing, prosecuting, or continuing any action asserting any of the Released Claims, as described in paragraph 2.25 and Section VII of the Settlement Agreement, against Defendant or any Released Parties, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity who knowingly violates such injunction shall pay the costs and attorneys' fees incurred by Defendant, Plaintiffs, and/or other Released Parties as a result of the violation.

After entry of the Judgment of Dismissal, the Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and to supervise and adjudicate any disputes arising from the disbursement of Settlement Benefits.

In the event that (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, Final Approval Order, or Judgment of Dismissal are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Final Approval Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and the Settlement Agreement, Final Approval Order, and Judgment of Dismissal are upheld on appeal in all material respects, then the Settlement Agreement, Final Approval Order, and Judgment of Dismissal shall be given full force and effect.

In the event of (i) or (ii) above, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

Neither the Settlement Agreement, this Order, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, and the Judgment of Dismissal), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind of any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

IT IS SO ORDERED.

DATED: April 25, 2018

_____
J. PAUL OETKEN
United States District Judge