**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIOBHAN MORROW and ASHLEY GENNOCK, on behalf of themselves and all others similarly situated, | Civil Action No. 16-cv-3340(JPO)(SN) |
| Plaintiffs, | |
| v. | |
| ANN INC., a Delaware corporation, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**CORRECTION AND RECONSIDERATION OF THE FINAL APPROVAL ORDER**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ..............................................................................................1

II.    LEGAL STANDARDS ......................................................................................2

III.   ARGUMENT ....................................................................................................3

       A.    Correction of the Final Approval Order Is Warranted to Establish that
            the Court Expressly Overruled the Untimely and Meritless Objections.................3

       B.    Reconsideration of the Award of Fees and Expenses Is Warranted .......................5

             1.    The Percentage of the Fund Methodology Does Not Warrant
                    Downward Adjustment of Class Counsel's Fee Award .............................6

             2.    The Court's Recognition that Litigating This Action on a
                    Contingent Basis Bore Substantial Risk Does Not Justify
                    Application of a Minimal Multiplier........................................................8

IV.   CONCLUSION................................................................................................12

## TABLE OF AUTHORITIES

PAGE(S)

CASES

*Aczel v. Labonia*,
 584 F.3d 52 (2d Cir. 2009).........................................................................................3

*In re "Agent Orange" Prod. Liab. Litig.*,
 818 F.2d 226 (2d Cir. 1987).......................................................................................9

*Artists Rights Enf't Corp. v. Estate of King*,
 No. 16-CV-1121 (JPO), 2017 WL 2062988 (S.D.N.Y. May 15, 2017) ....................3

*Blessing v. Sirius XM Radio Inc.*,
 507 F. App'x 1 (2d Cir. 2012) ...............................................................................5, 6

*In re Cardinal Health, Inc. Sec. Litig.*,
 550 F. Supp. 2d 751 (S.D. Ohio 2008) .....................................................................4

*Cioce v. Cty. of Westchester*,
 128 F. App'x 181 (2d Cir. 2005) ...............................................................................3

*City of Detroit v. Grinnell Corp.*,
 560 F.2d 1093 (2d Cir. 1977), *abrogated by*
 *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000)............................11

*Fleisher v. Phoenix Life Ins. Co.*,
 No. 11-cv-8405 (CM), 2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015) .....................7

*Florin v. Nationsbank of Ga., N.A.*,
 60 F.3d 1245 (7th Cir. 1995) .....................................................................................9

*Goldberger v. Integrated Res., Inc.*,
 209 F.3d 43 (2d Cir. 2000).............................................................................5, 9, 10

*Jacob v. Duane Reade, Inc.*,
 293 F.R.D. 578 (S.D.N.Y. 2013), *aff'd*, 602 F. App'x 3 (2d Cir. 2015) ..................3

*In re KeySpan Corp. Sec. Litig.*,
 No. 01 CV 5852(ARR), 2005 WL 3093399 (E.D.N.Y. Sept. 30, 2005) ...................9

*In re Marc Rich & Co. A.G.*,
 739 F.2d 834 (2d Cir. 1984).......................................................................................2

*Masters v. Wilhelmina Model Agency, Inc.*,
 473 F.3d 423 (2d Cir. 2007)...............................................................................2, 6, 7

*Russell v. Kohl's Dep't Stores, Inc.*,
    No. 5:15-cv-01143-RGK-SP (C.D. Cal.)....................................................................7, 8

*Spann v. J.C. Penney Corp.*,
    211 F. Supp. 3d 1244, 1261-65 (C.D. Cal. 2016),
    *appeal dismissed sub nom. Spann v. J.C. Penney Corp., Inc.*,
    No. 16-56474, 2016 WL 9778633 (9th Cir. Nov. 7, 2016) ..........................................8

*Van Gemert v. Boeing Co.*,
    590 F.2d 433 (2d Cir. 1978), *aff'd*,
    *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980)........................................................10

*Weiming Chen v. Ying-Jeou Ma*,
    595 F. App'x 79 (2d Cir. 2015) .....................................................................................3

## STATUTES, RULES & REGULATIONS

28 U.S.C.
    § 1712(a) ........................................................................................................................6
    § 1712(b)(2) ...................................................................................................................9

FEDERAL RULES OF CIVIL PROCEDURE RULE
    60(a) ...............................................................................................................................2
    60(b) ...............................................................................................................................3

## OTHER AUTHORITIES

4 NEWBERG ON CLASS ACTIONS (5th ed.)
    § 12:29 ...........................................................................................................................6
    § 13.................................................................................................................................3
    § 14:11 ...........................................................................................................................3

5 NEWBERG ON CLASS ACTIONS (5th ed.)
    § 15:87 ...........................................................................................................................9

7 J. EMPIRICAL LEGAL STUD. 811 (2010).............................................................................7

MANUAL FOR COMPLEX LITIGATION (4TH) § 21.7.................................................................7

## I.       INTRODUCTION

By Order dated April 25, 2018 (ECF No. 84) (hereinafter, the "Final Approval Order" or "FAO"), the Court granted Plaintiffs Siobhan Morrow's and Ashley Gennock's ("Plaintiffs") Motion for Final Approval of the Class Action Settlement (ECF No. 66) and Plaintiffs' Motion for an Award of Fees, Expenses, and Incentive Awards (ECF No. 69).  The Final Approval Order determined that the Settlement was fair, reasonable, and adequate.  In so finding, the Court considered and implicitly overruled the three untimely and meritless objections that were submitted.  Because the FAO did not expressly overrule the objections, at least one of the serial objectors is now weighing an appeal.  Because Plaintiffs contend that the Court considered and did overrule the objections by approving the Settlement, Plaintiffs respectfully request that the Court correct the FAO to include explicit language stating that the objections were considered and overruled.

Class Counsel also respectfully request that the Court reconsider its award of attorneys' fees and expenses.  Class Counsel requested, and Defendant ANN Inc. ("ANN") agreed to pay, $1,525,000 in fees and expenses.  ANN did not object to the amount of attorneys' fees and took no formal position on the issue before the Court.  (ECF No. 60, Ex. 1 ("Settlement Agreement") §§ 8.1 & 8.3.)  The FAO awards Class Counsel $1,000,000 in fees and expenses, which, in addition to the $6.1 million in benefits made available to the Class, results in a fund created for the Class's benefit worth $7.1 million (hereinafter referred to as the "Fund").  The Court's award amounts to approximately 14% of the Fund, or a multiplier of approximately 1.12 of Class Counsel's lodestar.  Because the fee and expense award is to be paid separate and apart from the Class's recovery, the Court's reduction inures only to ANN's benefit and does not enhance the Class's recovery.  The FAO does not explain the basis for the reduction, but to the extent that the reduction was premised on the percentage of the fund calculation, the reduction stands in tension

with the Second Circuit's directives in *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423 (2d Cir. 2007), and the numerous cases cited by Class Counsel where fees up to 33.33% have been routinely awarded in this District and elsewhere.  (*See* ECF No. 73 at 8 n.2.)  To the extent the result was premised on the lodestar approach, the reduction stands in tension with the Court's recognition that Class Counsel assumed substantial risk in prosecuting this action on a contingency basis for the Class's behalf.  Indeed, as of February 5, 2018, Class Counsel had incurred approximately $870,801 in lodestar and $18,214 in expenses.  (*See* ECF Nos. 70 & 71.) Since February 2018, Class Counsel have incurred substantial additional lodestar and expenses to finalize the preliminary and final approval papers, communicate with Class Members, and prepare and argue in support of final approval.  These costs were not included in Class Counsel's declarations, as they occurred after the declarations were filed.  Nor did Class Counsel's application account for expenses yet to be incurred, including the time and expenses associated with administering the Settlement or defending it on appeal.  Class Counsel accordingly request that the Court reconsider its award of attorneys' fees and expenses.

## II.   LEGAL STANDARDS

Rule 60(a) of the Federal Rules of Civil Procedure provides that the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Correction pursuant to Rule 60(a) is the appropriate vehicle to "conform the order to the contemporaneous intent of the court."  *In re Marc Rich & Co. A.G.*, 739 F.2d 834, 837 (2d Cir. 1984) (correction under Rule 60(a) is appropriate where "the thing spoken, written or recorded is not what the person intended to speak, write or record")[1]; *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015)

---

[1]      Unless otherwise indicated, all internal quotation marks and alterations are omitted.

(purpose of Rule 60(a) is to "implement the result intended by the court at the time an order was entered").

Fed. R. Civ. P. 60(b)(1) & (6) and Local Civil Rule 6.3 allow the Court to reconsider a prior decision for "any reason that justifies relief." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting Fed. R. Civ. P. 60(b)(6)). A motion for reconsideration is appropriate where "there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013) (Oetken, J.), *aff'd*, 602 F. App'x 3 (2d Cir. 2015). The third showing is satisfied where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cioce v. Cty. of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005); *Artists Rights Enf't Corp. v. Estate of King*, No. 16-CV-1121 (JPO), 2017 WL 2062988, at *1 (S.D.N.Y. May 15, 2017) (Oetken, J.).

## III.   ARGUMENT

### A.   Correction of the Final Approval Order Is Warranted to Establish that the Court Expressly Overruled the Untimely and Meritless Objections

The Court specifically found in the Final Approval Order that the "Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class." (FAO at 3.) In so finding, the Court implicitly rejected the three untimely and meritless objections received. *See* 4 NEWBERG ON CLASS ACTIONS §§ 14:11 & 13 (5th ed.).

The Court's implicit, rather than express, treatment of the objections has encouraged at least one of the objectors to consider appealing the FAO. By email to Class Counsel, dated April

25, 2018, George W. Cochran, counsel for objector Becky Morrow,[2] claimed that "it appears the court failed to address" Ms. Morrow's objections. (Guglielmo Decl., Ex. 2.) As a result, Mr. Cochran stated that he would "more carefully analyze the opinion to see whether there is a good faith basis for recommending an appeal." (*Id.*) He also asked Class Counsel whether there was "any interest in resolving Ms. Morrow's objection before the deadline for filing notice." (*Id.*) *See also In re Cardinal Health, Inc. Sec. Litig.*, 550 F. Supp. 2d 751, 754 (S.D. Ohio 2008) (decrying serial objectors who "object to the settlement, thereby obstructing payment to lead counsel or the class in the hope that lead plaintiff will pay them to go away").

The record shows that the Court considered and rejected the objections. At the Fairness Hearing held on April 19, 2018, the Court received argument addressing the objections before approving the Settlement. The Court specifically addressed and rejected the objectors' contention that the Settlement provided an award of coupons under the Class Action Fariness Act of 2005 ("CAFA"), stating:

> I take your all's point that this is different than a coupon settlement. A voucher is different. In some respects it has aspects that have been criticized like a coupon, but this is different in significant ways I believe. I think this is a good settlement. The class members of course had the option of taking cash. And it is noteworthy,

---

[2]    In his email to Class Counsel, Mr. Cochran unambiguously states that "Becky Morrow retained me to assist in preparing her objections to the above-captioned settlement." (Declaration of Joseph P. Guglielmo ("Guglielmo Decl."), Ex. 2.) Mr. Cochran's statement contradicts Ms. Morrow's statement in her objection that she only asked Mr. Cochran to "advise" her as to her objection, and that she had "not retained Mr. Cochran to represent [her] further in this matter." (ECF No. 76.) Mr. Cochran relied on this distinction to justify his noncompliance with the Court's Preliminary Approval Order, which required counsel for objectors to identify, among other things, "the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the Objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel or the firm's prior such objections that were issued by the trial and appellate courts in each listed case[.]" (ECF No. 62 ¶ 21.) As explained in Plaintiffs' Response to the Objections, Mr. Cochran has an extensive history of representing objectors to class action settlements. (ECF No. 79 § II.B.5.)

as you all have pointed out, that 65 percent have chosen some form of the
vouchers.

(Guglielmo Decl., Ex. 1 at 17:2-9.)

By approving the Settlement, the Court intended to overrule the objections.  To ensure
that the FAO reflects the Court's intent, Plaintiffs respectfully request that the Court correct the
FAO to state that the Court considered and expressly overruled each of the objections made by
the three objectors.

**B.    Reconsideration of the Award of Fees and Expenses Is Warranted**

ANN agreed to pay $1,525,000 of attorneys' fees and expenses.  (Settlement Agreement
§ 8.1.)  The Court approved Class Counsel's request for fees and expenses in the amount of
$1,000,000, representing 14% of the Fund created for the Class's benefit, or Class Counsel's
lodestar with a multiplier of 1.12.

Although the FAO does not identify the basis for the Court's calculation, "fees awarded
pursuant to a class action suit must be calculated as either a percentage of the fund or by
applying the lodestar method." *Blessing v. Sirius XM Radio Inc.*, 507 F. App'x 1, 4 (2d Cir.
2012).  While the Court has considerable discretion to award what it considers to be a reasonable
fee after weighing the factors set forth in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d
Cir. 2000), Class Counsel respectfully submit that reconsideration is warranted by reference to
either the percentage of the fund or the lodestar because the award is a departure from the awards
made by courts in the Second Circuit.  Class Counsel further submit that reconsideration is
especially warranted because the Court's downward adjustment of Class Counsel's fee award by
reference to either methodology provides no additional benefit to the Class. The Settlement
Agreement specifically provides that any award of fees and expenses "shall be paid separate and
apart from ANN's contributions to the Settlement Fund."  (Settlement Agreement § 8.1.)  Thus,

the Court's downward adjustment of Class Counsel's fee award acts as an effective reversion to ANN[3] and does not inure to the Class's benefit.

### 1. The Percentage of the Fund Methodology Does Not Warrant Downward Adjustment of Class Counsel's Fee Award

The Court's award of 14% of the Fund falls well below awards in comparable cases and, depending on how the Court reached its calculations, may stand in tension with the Second Circuit's directives in *Masters* and *Blessing*.

For the reasons set forth in Plaintiffs' Motion and Response (ECF Nos. 73 & 79, respectively), when using the percentage of the fund methodology, the Court must consider the entirety of the fund created for the Class's benefit.  In *Masters*, the Second Circuit reversed a district court's calculation of the percentage of a fund by reference to the claims submitted.  473 F.3d at 425.  In determining the size of the fund, the court must consider the "entire Fund, and not some portion thereof," that is "created through the efforts of counsel at the instigation of the entire class."  *Id.* at 437.[4]  Both the Manual for Complex Litigation and courts within the Second Circuit recognize that counsel's representation, which leads to the creation of the fund, also has value that should itself be considered as part of the fund.  *See* Manual for Complex

---

[3]      This result is particularly worthy of reconsideration given the Court's concern that aspects of the Settlement might result in a reversion to ANN.  (Guglielmo Decl., Ex. 1 at 12:24-25.)   Reversions are generally disfavored, in part because they "undermine[] the deterrent function of the class suit."  4 Newberg on Class Actions § 12:29 (5th ed.).  While none of the primary benefits of the Settlement will result in a reversion – reversion is expressly precluded as to the cash components of the Settlement, and 100% of the vouchers will be distributed to the Class (Settlement Agreement §§ 4.1(f), 4.5(b)(iii), 4.5(c)) – granting ANN a better deal than it bargained for does diminish the deterrent effect provided by this action.

[4]      In rejecting the objectors' attempt to characterize the vouchers as coupons under CAFA, (ECF Nos. 75 & 76; Guglielmo Decl., Ex. 1 at 17), the Court also, by necessity, determined that no part of Class Counsel's fee request was "attributable" to an award of coupons.  28 U.S.C. § 1712(a).  Nor could it be.  As a matter of law, when a fee award is negotiated after the terms of the settlement, and the fee is paid by the defendant, the fee is not subject to CAFA's provisions. *Blessing*, 507 F. App'x at 4.

LITIGATION (4TH) § 21.7; *Fleisher v. Phoenix Life Ins. Co.*, No. 11-cv-8405 (CM), 2015 WL 10847814, at *16, 16 n.10 (S.D.N.Y. Sept. 9, 2015). Because the FAO does not explain how the Court calculated the value of the Fund, *Masters* may have been overlooked and may, on reconsideration, alter the Court's conclusion, especially when considered by reference to other awards granted in analogous cases.

Here, Class Counsel's efforts have transferred benefits worth $6,100,000 from ANN to the Class, in addition to providing the Class with representation the Court has determined is worth at least $1,000,000. The Court's award, however, represents only 14% of the Fund created for the Class's benefit.

Although the Second Circuit has not adopted a benchmark for awards made by reference to the percentage of a fund, as a matter of practice, courts within the Second Circuit routinely grant awards exceeding 20%. Rigorous academic studies have confirmed as much. After reviewing 688 class action settlements, Professor Brian T. Fitzpatrick determined that courts within the Second Circuit granted, on average, an award of 23.8% of the fund created. *See* Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. EMPIRICAL LEGAL STUD. 811, 836 (2010) (finding the median award within the Second Circuit to be 24.5%). These awards were "exclusive of awards for expenses." *Id.* at 833. Where the lodestar was used to cross-check the reasonableness of the percent of the fund awarded, an average multiplier of 1.65 was applied. *Id.* at 834.

Fee awards in analogous reference pricing actions similarly amounted to a substantially higher percent of the funds created. In *Russell v. Kohl's Dep't Stores, Inc.*, a reference pricing action, Kohl's agreed to issue $6.15 million worth of gift cards to class members. The Court awarded counsel a fee amounting to 23.7% of the fund. Final Judgment at ¶ 7, No. 5:15-cv-

01143-RGK-SP (C.D. Cal. Oct. 13, 2016) (ECF No. 102); *see also Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1261-65 (C.D. Cal. 2016) (granting fee award amounting to 27% of the fund in a reference pricing action), *appeal dismissed sub nom. Spann v. J.C. Penney Corp., Inc.*, No. 16-56474, 2016 WL 9778633 (9th Cir. Nov. 7, 2016).

Unlike here, the fee award in *Kohl's* was paid out of the settlement funds earmarked for the class, reducing the class's total recovery.   While the $6.15 million settlement reached in *Kohl's* may facially appear marginally larger than the settlement reached here, after subtracting the costs of attorneys' fees and administrative expenses, class members ended up receiving gift cards that were worth $9.55.   Reporter's Transcript of Proceedings at 7:24-8:2, No. 5:15-cv-01143-RGK-SP (C.D. Cal. Sept. 16, 2016) (ECF No. 90).   In contrast, Class Members here will presumptively receive a voucher worth at least $12.00 – which, as discussed at the Fairness Hearing, will likely be subject to *pro rata* increase (Guglielmo Decl., Ex. 1 at 4:5-11) – regardless of the fee the Court awards to Class Counsel.   (Settlement Agreement § 8.1.)

Accordingly, the percentage of the fund methodology supports awarding Class Counsel the fee requested.

> **2.      The Court's Recognition that Litigating This Action on a Contingent Basis Bore Substantial Risk Does Not Justify Application of a Minimal Multiplier**

The Court's award of a 1.12 multiplier stands in tension with both the Court's recognition that Class Counsel undertook substantial risk by litigating this action and the substantial risk Class Counsel still face of potentially bearing a portion of the costs associated with notice and administration of the Settlement.   At the time Class Counsel filed their fee application, Class Counsel had already incurred a lodestar of $870,801 and expenses of $18,214.   (ECF Nos. 70 & 71.)   Class Counsel requested a multiplier of 1.73.

A lodestar multiplier is meant to take account of the "realities of a legal practice by rewarding counsel for those successful cases in which the probability of success was slight and yet the time invested in the case was substantial."  *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 236 (2d Cir. 1987).   As here, the need for a "multiplier is magnified when the diminutive character of the individual claims forces counsel to bring the action on a class basis." *Id.* (observing that "[w]ithout the prospect of some consideration for the risks and uncertainties of the action, the necessary incentive for prosecuting such a suit would be lacking and a major weapon for enforcing various public policies would be blunted").   Awarding a multiplier of 1.0 gives "inadequate encouragement to counsel who would represent meritorious but risky claims." *In re KeySpan Corp. Sec. Litig.*, No. 01 CV 5852(ARR), 2005 WL 3093399, at *14 (E.D.N.Y. Sept. 30, 2005); *see also* 5 NEWBERG ON CLASS ACTIONS § 15:87 (5th ed.) ("[I]t is arguable that successful class counsel should necessarily get a multiplier above 1 in most cases.").[5]

Indeed, the Seventh Circuit has suggested that the multiplier should be determined by "dividing 1 by the probability of success."  *Florin v. Nationsbank of Ga., N.A.*, 60 F.3d 1245, 1247 n.3 (7th Cir. 1995) ("A risk multiplier of 1.01 equates to a finding that the class counsel had better than a 99% chance of recovering its fees."); *accord Goldberger*, 209 F.3d at 54 ("As the chance of success on the merits or by settlement increases, the justification for using a risk multiplier decreases.").

At the Fairness Hearing, the Court acknowledged that Class Counsel undertook substantial risk in prosecuting this action, stating:

---

[5]      Even though CAFA has no bearing here, its express endorsement of multipliers demonstrates that their use should not be controversial.  *See* 28 U.S.C. § 1712(b)(2) ("Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.").

> I will note that part of my decision in finding that this is a fair and reasonable and adequate settlement is the fact that there were real challenges in pursuing the case, including the fact that although I denied a motion to dismiss, there are probably other judges who would see it differently, whether there was injury or not, including the challenges that would be faced by plaintiffs going forward and proving issues like damages and causation.

(Guglielmo Decl., Ex. 1 at 17:10-17.)  Even though the risk of non-recovery has long been considered "perhaps the foremost factor" when determining whether to apply a multiplier, *Goldberger*, 209 F.3d at 54, the Court awarded a multiplier of 1.12.

Of particular concern, the multiplier awarded applies only to Class Counsel's lodestar as of February 2, 2018, the date Class Counsel executed declarations in support of their fee request. (ECF Nos. 70 & 71.)  Although the fee award was made on the basis of the papers then submitted, Class Counsel has continued to work on the Class's behalf and will continue to do so as part of Class Counsel's ongoing fiduciary obligations to represent the Class.  *See, e.g.*, *Van Gemert v. Boeing Co.*, 590 F.2d 433, 440 n.15 (2d Cir. 1978), *aff'd*, *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980).  The lodestar submitted in February does not reflect the time spent reviewing and opposing the three objections received or the time spent preparing for the Fairness Hearing, nor does it reflect the time that will be spent working with KCC to administer the settlement or the time that may need be needed to defend the settlement on appeal to the Second Circuit.  These commitments are not insubstantial.  Since February, Class Counsel have incurred at least an additional $110,000 in fees and expenses, effectively reducing the multiplier applied to Class Counsel's lodestar to 1.02.[6]

The costs associated with notice and administration may further reduce the effective multiplier applied to Class Counsel's lodestar.  The Settlement Agreement funds the cost of

---

[6]   Consistent with Local Civil Rule 6.3, Class Counsel is not filing supplemental declarations with the Court beyond the materials submitted in support of Plaintiffs' Motion for Correction under Rule 60(a); however, Plaintiffs will do so as the Court directs.

notice and administration through three sources:  (1) the $500,000 Notice Fund (Settlement Agreement §§ 2.19 & 4.1(a)); (2) the Cash Fund, if excess funds remain after each claimant electing to receive cash has received an award of $5 (*id.* § 4.5(b)); and finally, (3) once the Notice Fund and Cash Funds are depleted, "any remaining costs of notice and claims administration will be deducted and paid from any award of Attorneys' Fees and Expenses."  (*Id.* § 5.1(a)(iii).)

As of April 1, 2018, the cost of notice and administration already amounted to $620,258. These costs will fully deplete the $500,000 Notice Fund, leaving notice and administration costs of at least (and likely more than) $120,258 that will need be paid out of either the Cash Fund or Class Counsel's fee award.  As of early April, claims worth $213,680 have been filed against the Cash Fund.  Assuming *arguendo* that all claims are valid, even if no additional claimants sought a cash award, only $166,062 remains in the Cash Fund to defray new administrative costs.  Once those funds are claimed by Class Members – the favored outcome – any additional costs of notice and expense will be borne by Class Counsel, further reducing their award.  Given that awards still need to be calculated and distributed (*see, e.g.*, Settlement Agreement §§ 4.1(b)(iii), 4.4(b)-(c), & 5.1(f)), the Settlement Administrator will almost certainly incur additional costs.

Given the complex structure of the Settlement Agreement and the costs associated with notice and administration, the Court may have overlooked the very real potential that the fee awarded to Class Counsel could be further reduced.  In other cases, such as *Kohl's*, the class itself bore the costs associated with notice and administration.  Sound policy considerations consistent with the Court's fiduciary obligations to the Class, *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1099 (2d Cir. 1977), *abrogated by Goldberger*, 209 F.3d 43, should lead the

Court to encourage, rather than discourage, the structure advanced here, as reflected in the multiplier awarded.

Accordingly, Class Counsel respectfully request that the Court reconsider its decision and award the requested multiplier of 1.73.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue a corrected Final Approval Order and reconsider the award of fees and expenses.

DATED:  May 9, 2018 **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 */s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
Carey Alexander
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212-223-6444
Facsimile:  212-223-6334
jguglielmo@scott-scott.com
calexander@scott-scott.com

Erin Green Comite
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone:  860-537-5537
Facsimile:  860-537-4432
ecomite@scott-scott.com

Gary F. Lynch
Edwin J. Kilpela
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone:  412-322-9243
Facsimile:  412-231-0246
ekilpela@carlsonlynch.com
glynch@carlsonlynch.com

- and -

Todd D. Carpenter
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone:  619-756-6994
Facsimile:   619-756-6991
tcarpenter@carlsonlynch.com

*Counsel for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

        */s/ Joseph P. Guglielmo*
        Joseph P. Guglielmo